# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2021

Lyle W. Cayce
Clerk

No. 20-60378
Summary Calendar

SANDRA CECILIA MONTANO; JAMES WILFREDO HERNANDEZ-MONTANO,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 905 167
BIA No. A208 905 168

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Sandra Cecilia Montano and her minor son, James Wilfredo Hernandez-Montano, are natives and citizens of El Salvador. They petition for review of the decision of the Board of Immigration Appeals (BIA)

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

dismissing their appeal of an immigration judge's (IJ) denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the decision of the BIA and consider the IJ's decision only to the extent it influenced the BIA. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). The BIA's legal determinations are reviewed de novo; findings of fact are reviewed for substantial evidence. *Ghotra v. Whitaker*, 912 F.3d 284, 287–88 (5th Cir. 2019).

The BIA concluded that the petitioners failed to appeal the IJ's finding that there was no evidence to support an asylum claim based on any political opinion held by Montano. The petitioners do not challenge that conclusion here. Accordingly, they have abandoned any argument related to this issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petitioners challenge the BIA's denial of their request for asylum and withholding of removal based on Montano's membership in the particular social group of Salvadoran women "who have suffered domestic violence and the government has failed to protect them." To establish membership in a particular social group, a petitioner must demonstrate that she is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (cleaned up). We find no legal error in the BIA's analysis of the asylum claim, and we conclude that substantial evidence supports the BIA's finding that the petitioners are ineligible for asylum because Montano's proposed particular social group does not meet these requirements. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 229–34 (5th Cir. 2019); *see also Orellana-Monson*, 685 F.3d at 517–18.

"Because the level of proof required to establish eligibility for withholding of removal is higher than that required for asylum, failure to establish eligibility for asylum is dispositive of claims for withholding of removal." *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006); *see also Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020). We therefore reject the petitioners' contention that the BIA erred by concluding that their claim for withholding of removal fell with their claim for asylum.

Finally, the petitioners disagree with the BIA's factual finding that they are ineligible for protection under the CAT. They maintain that Montano provided credible testimony to support her argument that her former domestic partner would torture her upon her return to El Salvador and that Salvadoran officials would acquiesce in that torture. We may not disturb the BIA's finding, however, because the evidence does not compel a conclusion contrary to that reached by the BIA. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chen v. Gonzales*, 470 F.3d 1131, 1134, 1143 (5th Cir. 2006).

The petition for review is DENIED.