# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2021

Lyle W. Cayce
Clerk

No. 19-60800
Summary Calendar

RABBI RABBI, *also known as* RABBI,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 201 526 096

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Rabbi Rabbi, a native and citizen of Bangladesh, seeks review of a Board of Immigration Appeals (BIA) order dismissing his appeal from an Immigration Judge (IJ) decision denying his application for asylum,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT). The petition is denied.

An adverse credibility determination "must be supported by specific and cogent reasons derived from the record." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009) (internal quotation marks and citation omitted). The IJ and the BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538 (internal quotation marks and citation omitted). When the BIA identifies "specific inconsistencies" and "crucial omissions," it has "supported its determination with specific and cogent reasons derived from the record." *Ghotra v. Whitaker,* 912 F.3d 284, 289 (5th Cir. 2019) (internal citations omitted). The record before this court contains multiple inconsistencies between Rabbi's sworn statement, asylum interview, application, and testimony. Both the IJ opinion and the BIA opinion evince reliance on specific inconsistencies. *See id.* 289. Thus, the record does not compel the conclusion that Rabbi testified credibly. *See Wang*, 569 F.3d at 536-37.

Aliens in removal proceedings are presumed to be competent to participate in those proceedings. *Matter of M-A-M-*, 25 I & N Dec. 474, 477 (BIA 2011). In cases where issues implicating mental competency arise, the IJ must consider whether there is good cause to believe that the alien is not competent to proceed without safeguards. *Id.* at 479. This court has previously recognized that the IJ, who is in the courtroom and has experience with witnesses who assert persecution, is best positioned to weigh whether the applicant has a "genuine[] problem" or is instead "feign[ing] a problem to avoid probing questions about inconsistencies in a false story." *See Wang*, 569 F.3d at 539.

Rabbi did not mention feeling unwell until he was questioned pointedly regarding some inconsistencies in his case. His answers to questions indicated that he was oriented to time, place, and purpose. There is no record evidence that Rabbi has ever suffered from any mental health issues. Accordingly, the BIA did not err by affirming the IJ's finding that he was competent to proceed. *See Wang*, 569 F.3d at 539.

Moreover, the BIA did not conflate a lack of corroborating evidence with a credibility finding. The testimony of an applicant may suffice to carry his burden of proof without corroboration, but only if the testimony is credible, persuasive, and refers to specific facts. 8 U.S.C. § 1229a(c)(4)(B); 8 U.S.C. § 1158(b)(1)(B)(ii). Where the court determines that an applicant should provide corroborating evidence, the applicant must provide the evidence unless the applicant cannot reasonably obtain it. § 1229a(c)(4)(B); § 1158(b)(1)(B)(ii). An application can be denied due to the applicant's failure to provide reasonably available corroborating information. *Yang v. Holder*, 664 F.3d 580, 584-85, 587 (5th Cir. 2011). Additionally, this court has held that a lack of corroboration can support an adverse credibility finding where the record contains other indications of incredulity. *See Marroquin-Almengon v. Barr*, 778 F. App'x 330, 331–32 (5th Cir. 2019) (per curiam).

The BIA also properly dispatched Rabbi's arguments that he had insufficient time to obtain corroborating evidence. As the BIA correctly stated, Rabbi failed to explain the numerous inconsistencies in his testimony and prior statements. Rabbi did not testify credibly, regardless of the additional evidence he submitted to the BIA. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The petition for review is DENIED.