# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2021

Lyle W. Cayce
Clerk

No. 19-60797
Summary Calendar

Kazi Ashraful Alam,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 341 664

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kazi Ashraful Alam, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the Immigration Judge's (IJ) denying: asylum; withholding of removal; and relief under the Convention Against Torture (CAT). He contends the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

BIA erred by:  upholding the IJ's adverse credibility determination; and affirming the IJ's finding he failed to establish eligibility for relief under CAT. Alam further contends:  the IJ improperly found he did not suffer past persecution and had no well-founded fear of future persecution; and the IJ failed to grant him humanitarian asylum.

The BIA did not consider the IJ's alternative findings regarding past persecution, fear of future persecution, and the nexus between persecution and political opinion.  Instead, it concluded the adverse credibility decision was dispositive.  We do not address the IJ's findings unless they impact the BIA's decision.  *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Therefore, we lack jurisdiction to consider Alam's claims regarding those parts of the IJ's decision.  *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009) ("[T]his court has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision.").

Regarding Alam's contesting the BIA's denial of CAT relief and the IJ's denial of humanitarian asylum, neither of these issues has been properly exhausted.  The BIA ruled that Alam's brief did not sufficiently challenge the CAT denial.  In addition, his brief did not address humanitarian relief. "Petitioners fail to exhaust their administrative remedies as to an issue if they do not first raise the issue before the BIA, either on direct appeal or in a motion to reopen."  *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). Along those lines, when the BIA decision itself results in a new issue, as is the case with Alam's claim for CAT relief, that issue must first be addressed by the BIA for judicial review to be available at this court.  *Id.* at 320.  Failure to exhaust an issue creates a jurisdictional bar, and these claims are dismissed. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Last addressed are Alam's claims regarding the BIA's affirming the IJ's finding him not credible. The IJ's adverse credibility determination is reviewed for substantial evidence, and it "must be supported by specific and cogent reasons derived from the record". *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020); *Wang*, 569 F.3d at 537 (citation omitted). The trier of fact must consider "the totality of the circumstances[] and all relevant factors" in making a credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Relevant factors include applicant's "demeanor, candor, or responsiveness", the "inherent plausibility" of his account, the "consistency between [his] written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)", the "internal consistency" of his statements, the consistency of these statements with the other evidence in the record, and "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of . . . applicant's claim, or any other relevant factor". *Id.*

When the BIA identifies "specific inconsistencies" and "crucial omissions", it has "supported its determination with specific and cogent reasons derived from the record". *Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019) (internal quotation marks and citation omitted). Substantial evidence supports the credibility determination. *See Wang*, 569 F.3d at 538–39. The record contains multiple inconsistencies between Alam's testimony and the documentary evidence, many of which were noted by the IJ and included in the BIA's opinion. Because the IJ supported the adverse credibility finding with specific and cogent reasons from the record, the BIA did not err by affirming it.

DISMISSED in part; DENIED in part.