# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 27, 2021

Lyle W. Cayce
Clerk

No. 19-60819

Jose Ramiro Meza Benitez,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 440 794

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Jose Ramiro Meza Benitez petitions for review of a Board of Immigration Appeals' order. That order dismissed an appeal of the Immigration Judge's denial of an application for asylum, withholding of removal, and protection under the Convention Against Torture. We DENY the petition.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60819

## FACTUAL AND PROCEDURAL BACKGROUND

Meza Benitez is a native and citizen of Honduras who was born a male but identifies as a female. After traveling through Mexico and unsuccessfully seeking asylum there, Meza Benitez applied for admission to the United States through a port of entry in south Texas in November 2018. Petitioner was detained by immigration officials shortly thereafter.

On January 8, 2019, Meza Benitez had a credible-fear interview by telephone with an asylum officer through the assistance of a translator. During the interview, Meza Benitez discussed instances of harm and threats of future harm by an uncle and cousins and expressed fear for life and limb if returned to Honduras. The asylum officer determined that Meza Benitez had suffered past persecution on account of a protected ground and had a credible fear of future persecution in the event of a return to Honduras.

After this interview, immigration officials served Meza Benitez with a notice to appear for removal proceedings based on

a charge of inadmissibility because of a lack of valid entry documents. On March 15, 2019, Meza Benitez appeared with counsel, conceded removability as charged, and simultaneously submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture. Also submitted was petitioner's personal statement. The Immigration Judge accepted the documents and set a date for a merits hearing.

At the merits hearing on April 18, 2019, Meza Benitez testified and introduced documentary evidence. The testimony described three instances of past harm. The first occurred in January 2016. An uncle raped and beat petitioner, then said to "get well and become a man." The second incident was in March 2017 when this same uncle came to Meza Benitez's apartment, threw petitioner to the ground and committed a rape, then attempted to cut

2

off petitioner's penis.  The final incident about which Meza Benitez testified was in November 2017.  At that time, police-officer cousins publicly beat petitioner with their police batons while in uniform.  Further, Meza Benitez testified that the uncle and cousins threatened future harm and insisted no report of the incidents be made to police.  Meza Benitez also testified that relocation within Honduras would be dangerous because of pervasive police corruption, the risk that family members might move to the same city that Meza Benitez might relocate to, and the presence of gang members.  Meza Benitez's documentary evidence included reports detailing discrimination and violence against transgender individuals in Honduras.

The Immigration Judge issued an oral decision denying asylum, withholding of removal, and protection under the Convention Against Torture for two reasons.  First, the Immigration Judge found that Meza Benitez was not credible because of two "significant" and "glaring" inconsistencies between the testimony given in immigration court and petitioner's statements to the asylum officer.  Second, the Immigration Judge found that the claims failed regardless of credibility.

The BIA affirmed both findings.  It began by summarizing the Immigration Judge's credibility analysis, added that Meza Benitez "also omitted to inform the asylum officer about the violent rapes," and then affirmed the adverse credibility finding.  It then affirmed the "alternate holding" that Meza Benitez did not meet several dispositive burdens for asylum, withholding of removal, and protection under the Convention Against Torture.

Meza Benitez filed a petition for review in this court.  The Government filed an unopposed motion to remand the case to the BIA for reconsideration of all six legal issues raised in Meza Benitez's petition for review.  We carried that motion with the case.

## DISCUSSION

We begin with the Government's unopposed motion to remand to the BIA. Were we to grant it, nothing more need be said in this opinion. The motion was filed on July 14, 2021, well after completion of briefing and submission of the case to the court for resolution. The motion did not identify any court precedent, statute, or regulation postdating the BIA's decision, or any change in country conditions that needed to be considered. It simply asked for the BIA to be given an opportunity to reconsider its earlier ruling. A majority of this panel concludes that a motion to remand filed at so late a date needs a more compelling basis than has been offered here.

Meza Benitez's petition raises six issues. We conclude that review can be resolved by first examining whether substantial evidence supports the BIA's adverse credibility determination. We then analyze whether Meza Benitez can meet the burdens of proof on each claim.

Our review is principally of the BIA's decision, but we may consider the Immigration Judge's decision to the extent it "ha[d] some impact on the BIA's decision." *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the BIA's legal determinations *de novo* and factual findings for substantial evidence. *Ghotra v. Whitaker*, 912 F.3d 284, 287–88 (5th Cir. 2019). An adverse credibility determination is a factual finding which cannot be reversed unless the evidence would compel a reasonable factfinder to conclude that the applicant's testimony was credible. *Id.*

Here, the Immigration Judge based an adverse credibility finding on two inconsistencies. First, Meza Benitez testified about being beaten and raped by the uncle in January 2016 and again in March 2017. The Immigration Judge found this testimony inconsistent with petitioner's mentioning only the March 2017 attack to asylum officers. Second, regarding

the March 2017 attack, Meza Benitez testified that 15 people attended a birthday celebration at petitioner's apartment; that the uncle arrived when Meza Benitez and a neighbor were in the apartment; that the uncle insulted Meza Benitez, then raped and tried but failed to cut off petitioner's penis. Construing Meza Benitez's testimony as indicating that the attack occurred "during a birthday dinner," the Immigration Judge found this testimony to be inconsistent with earlier statements to the asylum officer that petitioner was sleeping when the uncle began his attack.

Based on these two inconsistencies, the Immigration Judge found that Meza Benitez was not credible. On appeal, the BIA summarized the inconsistencies that the Immigration Judge identified, added that Meza Benitez "also omitted to inform the asylum officer about the violent rapes," and concluded that it found "no clear error" in the Immigration Judge's analysis. It then affirmed the adverse credibility determination.

In reviewing this decision, we apply the principle that an "IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Lin v. Mukasey*, 534 F.3d 162, 167 (5th Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Still, the determination "must be supported by specific and cogent reasons derived from the record." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009)(quoting *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir.2005)).

Meza Benitez makes two arguments about the adverse credibility finding. First is that the determination is not supported by substantial evidence. That argument included that the Immigration Judge's analysis, which the BIA incorporated, reflects an incomplete reading of the record and that the hearing testimony is reconcilable with statements to the asylum officer. The second argument is that the Immigration Judge (and by

extension, the BIA) erred by failing to provide an opportunity to clarify apparent inconsistencies.

Arguably, at least one of the BIA's factual findings underlying the adverse credibility determination seems based on a selective reading of the record. Although Meza Benitez told the asylum officer that the uncle made three threats but harmed petitioner only once, petitioner also told the asylum officer moments later that the March 2017 altercation was "the second time" that the uncle threatened and injured petitioner. The Immigration Judge and BIA did not refer to the second statement, which somewhat supports that Meza Benitez's statements were internally inconsistent but aligned overall with the later testimony that the uncle twice injured petitioner. Nevertheless, in light of the other inconsistency, this argument does not compel a finding that Meza Benitez is credible.

Meza Benitez also argues that it is understandable that a 19-year-old transgender individual would not explain in detail the uncle's sexual crimes. The first time a rape was alleged was in the asylum application and supporting documents filed in March 2019, two months after the credible-fear interview in January. It is plausible that Meza Benitez's trauma, fear, and youth caused the omission of these allegations from the statements during the credible fear interview, but it is also plausible that they were added to bolster the asylum application.

Finally, Meza Benitez argues that the Immigration Judge legally erred by failing to give an opportunity to clarify the inconsistencies. We agree with a prior panel's holding that an "IJ is not required to give an applicant the opportunity to explain inconsistencies before reaching an adverse credibility determination." *Singh v. Garland*, 850 F. App'x 920, 920 (5th Cir. 2021).

The BIA's explanation provided "specific and cogent reasons derived from the record" for finding that Meza Benitez was not credible. *See Avelar-Oliva*, 954 F.3d at 764 (quoting *Wang*, 569 F.3d at 537). Though we uphold

the adverse credibility finding, we still must decide if relief was properly denied.

Neither the BIA nor the Immigration Judge explicitly stated that the adverse credibility determination was dispositive of Meza Benitez's requests for asylum, withholding of removal, or protection under the Convention Against Torture. After finding two significant inconsistencies, the immigration judge stated that Meza Benitez was not credible but did not at that point deny relief. Instead, the immigration judge then explained why no right to asylum had been shown. The BIA later stated that it found no clear error in the adverse credibility finding and affirmed the finding. The BIA also then considered the alternate holdings that a right to asylum was not shown. That makes this case distinguishable from others in which the BIA explicitly recognized that the adverse credibility determination was dispositive. *See, e.g.*, *Avelar-Oliva*, 954 F.3d at 762; *Ghotra*, 912 F.3d at 288–89. We therefore examine the rest of the evidence.

Meza Benitez sought asylum. To qualify, Meza Benitez had to be a "refugee." 8 C.F.R. § 1208.13(a). A refugee is an individual who is unable to return to a home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Important in this case, past persecution must be by the government or by individuals or groups that the government is unable or unwilling to control. *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).[1] Well-founded fear of persecution, *i.e.*, future persecution, requires similar proof. *Id.*

---

[1] The BIA's opinion and Meza Benitez's brief cite the Attorney General opinion in the *Matter of A-B-*, 27 I. & N. Dec. 316 (Att'y Gen. 2018), relating to the standard for whether a government is "unwilling or unable" to prevent persecution. Some circuit courts of appeal rejected that decision as being arbitrary and capricious, *see, e.g., Grace v. Barr*, 965 F.3d 883, 900 (D.C. Cir. 2020), while we upheld it as being consistent with

Consequently, Meza Benitez must prove either past persecution on account of one of the five statutory grounds or a well-founded fear of persecution in the future due to one of those grounds. The statutorily protected ground must be "at least one central reason" for the harm. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2009) (quoting 8 U.S.C. § 1158(b)(1)(B)(i).

The BIA found that Meza Benitez failed to show persecution on account of a protected ground. We agree that the burden to prove persecution was not satisfied in the absence of credible testimony. The documentary evidence shows that discrimination and violence against transgender individuals in Honduras is real, but it does not compel a finding that Meza Benitez was persecuted.

The BIA also found that Meza Benitez failed to show an inability to relocate within Honduras. Petitioner argues that the burden was on the Government to show that relocation was reasonable because of the offered evidence of "past persecution and persecution by the Honduran police." A regulation is cited as authority, which places the burden on the Government if the applicant shows past persecution or a well-founded fear of future persecution by a foreign government or government-sponsored group. *See* 8 C.F.R. § 1208.13(3)(i)–(ii). The documentary evidence, which is the only evidence because of the adverse credibility finding, does not compel a finding

---

statutory language, *see Gonzales-Veliz v. Barr*, 938 F.3d 219, 234 (5th Cir. 2019) (rejecting *Grace v. Barr*). Later, the Acting Attorney General concluded that *Matter of A-B-* left unaltered the prior standard for determining whether a government is unable or unwilling to provide protection. *Matter of A-B-*, 28 I. & N. Dec. 199, 213 (Att'y Gen. 2021). Regardless, a new Attorney General rescinded both prior Attorney General pronouncements. Instead, pending rulemaking, immigration judges and the BIA are to the follow precedent that predates the Attorney General's 2019 *Matter of A-B-* opinion. *Matter of A-B-*, 28 I. & N. Dec. 307, 309 (Att'y Gen. 2021). We have already held that *Matter of A-B-* left unchanged the prior law in the Fifth Circuit, *Gonzales-Veliz*, 938 F.3d at 233-34, and that is what we apply here.

that Meza Benitez was persecuted by a government or government-sponsored group, which means that the burden was on petitioner to rebut the possibility of internal relocation. The BIA did not err by finding that Meza Benitez did not carry that burden.

The BIA also at least implicitly rejected the claim of a fear of future persecution in two ways. First, when it rejected the evidence that relocation was not feasible, it was addressing whether future persecution could be avoided. *See, e.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004). Specifically, "a finding of a well-founded fear of persecution is negated if the applicant can avoid persecution by relocating to another part of his home country." *Id.* Second, the BIA stated that the harm Meza Benitez suffered came from family, not from government, and there was no evidence that the government was unable or unwilling to protect petitioner from familial violence. That would apply to future persecution as well.

Meza Benitez therefore has not demonstrated an entitlement to reversal on the claim for asylum, whether based upon past persecution or a fear of future persecution.

Withholding of removal requires evidence that "the alien's life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1231(b)(3)(A). An applicant for withholding of removal under this section has the burden of establishing a "clear probability that [the applicant's] life or freedom would be threatened" on one of the enumerated grounds. *See Dayo v. Holder*, 687 F.3d 653, 658 n.3 (5th Cir. 2012). It necessarily follows that an applicant who cannot "establish the less stringent 'well-founded fear' standard of proof required for asylum relief" cannot make out a withholding of removal claim. *Id.* at 658–59 (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008)). Accordingly, Meza Benitez's withholding of removal claim also fails.

Similarly, Meza Benitez cannot show entitlement to relief under the Convention Against Torture. To be entitled to either a withholding of removal or deferral of removal under the Convention, the claimant to such relief must show it "is more likely than not" that the individual will "be tortured if removed to the proposed country of removal." *Garcia v. Holder*, 756 F.3d 885, 891 (5th Cir. 2014) (citing 8 C.F.R. § 208.16(c)(2)). The BIA found that Meza Benitez failed to meet this burden even with the testimony. Meza Benitez argues that the following was sufficient: (1) the testimony that police officers and an uncle committed assaults, including rape, and made threats of further violence; and (2) documentary evidence "that transgender and other LGBTQ individuals in Honduras frequently are victims of violence and sexual assault — with members of the police and military often the primary perpetrators — and that such crimes are seldom investigated and unlikely to be prosecuted."

Because of the adverse credibility determination, Meza Benitez cannot rely on this testimony. Further, as with petitioner's other claims, the documentary evidence does not *compel* a finding that Meza Benitez is "more likely than not" to "be tortured upon return" to Honduras. *See Garcia*, 756 F.3d at 891. Accordingly, the claim for protection under the Convention Against Torture fails.

Meza Benitez's petition for review is DENIED. The Government's motion to remand is also DENIED.