# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2022

Lyle W. Cayce
Clerk

No. 20-60777
Summary Calendar

Mente Collins,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 605 021

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.

Per Curiam:*

Mente Collins, a native and citizen of Cameroon, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of his appeal from the decision of the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60777

(CAT). The BIA decided that the IJ did not clearly err in finding that Collins was not credible and that his corroborating evidence did not rectify his failure to present otherwise credible evidence.

We generally review the order of the BIA and consider the decision of the IJ to the extent that it influenced the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Whether an alien has shown his eligibility for relief is a factual finding that we review for substantial evidence. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We likewise review credibility findings for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). Under that standard, reversal is merited only if the evidence compels a contrary conclusion. *Chen*, 470 F.3d at 1134; *see* 8 U.S.C. § 1252(b)(4)(B).

Collins asserts that the IJ and the BIA applied the incorrect standard in evaluating whether his border interview could be used to make credibility findings, and he disputes the BIA's conclusion that he waived his opportunity to challenge the IJ's use of the interview as a basis for the adverse credibility finding. He did not assert before the BIA a claim as to the IJ's consideration of the border interview or file a motion to reopen or to reconsider challenging the BIA's decision-making. *See Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009). His claims as to his border interview thus are unexhausted, and we lack jurisdiction to review them. *See id.* at 318, 321; *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016).

Collins otherwise has not shown that the evidence compels a conclusion contrary to that of the BIA and IJ as to whether he was credible. *See Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009). Aside from discrepancies between Collins's border interview and testimony, the BIA relied on (1) discrepancies between his credible-fear interview and testimony, and (2) the implausibility of his account. The record of the credible-fear interview has sufficient indicia of reliability to be examined, *see Singh*

No. 20-60777

*v. Sessions*, 880 F.3d 220, 226 (5th Cir. 2018), and the implausibility findings were based on a consideration of the evidence and were supported by "specific, cogent reasons" derived from the record, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Collins has failed to demonstrate that, under the totality of the circumstances, it is plain that no reasonable factfinder could have made an adverse credibility determination. *See Wang*, 569 F.3d at 539-40.

Collins additionally asserts that the BIA violated his due process rights by failing to consider properly the corroborating evidence that he filed with his application. The record reflects that the IJ reviewed the records and explained why they did not ameliorate his failure to offer otherwise credible evidence. The BIA stated that the evidence was insufficient based on the IJ's reasoning. The BIA did not procedurally err by failing to go through each record and explain its justification for agreeing with the IJ. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019); *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). The BIA gave full and fair consideration to all of the circumstances giving rise to Collins's claims, and Collins otherwise has not established that the records independently compel the conclusion that he was credible. *See Arulnanthy v. Garland*, 17 F.4th 586, 598 (5th Cir. 2021); *Ghotra*, 912 F.3d at 290; *Singh*, 880 F.3d at 226.

Finally, Collins contends that the BIA erred by disposing of his claims without reviewing their substance. The substance of his claims is not before us because the BIA did not rely upon the IJ's analysis of the merits. *See Zhu*, 493 F.3d at 593. We will not review decisions that depend on an evaluation of an alien's credibility, and we must defer to the finding that Collins did not offer credible evidence. *See Wang*, 569 F.3d at 538; *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). That credibility finding, which was supported by substantial evidence, prevented Collins from establishing his eligibility for asylum or withholding of removal. *See Arulnanthy*, 17 F.4th at 596-97; *Singh*,

3

No. 20-60777

880 F.3d at 226; *Chun*, 40 F.3d at 78.  Further, Collins has not made any showing that the country conditions evidence that he submitted "resolve[s] the inconsistencies that the BIA found so troubling" and independently establishes his eligibility for relief under CAT.  *See Ghotra*, 912 F.3d at 290. Because he has not briefed those arguments to this court, they are forfeited. *Id.* at 290 & n.2.  Accordingly, the adverse credibility finding is dispositive as to Collins's CAT claim as well.  *Cf. Arulnanthy*, 17 F.4th at 598 (quoting *Ghotra*, 912 F.3d at 290) (explaining that an adverse credibility finding may be dispositive even as to a CAT claim in the absence of an explanation as to how the additional, non-testimonial evidence "independently establishe[d]" eligibility for relief).

*        *        *

Accordingly, the petition for review is DISMISSED in part and DENIED in part.

4