# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2022

Lyle W. Cayce
Clerk

No. 20-60766
Summary Calendar

SUKHJINDER SINGH,

*Petitioner*,

*versus*

MERRICK GARLAND, U.S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 734 001

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Sukhjinder Singh petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from an order by an immigration judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60766

Because the BIA's findings are supported by substantial evidence, we DENY the petition for review.

## I.     BACKGROUND

Petitioner Sukhjinder Singh is a native and citizen of India. He grew up and, until fleeing the country, lived his entire life in a small village in the Indian state of Punjab. Singh has several characteristics which, he contends, make him subject to persecution and torture in his home country. Singh is Sikh, a minority religion in India. He is also a member of the Mann Party, a political group which is opposed to the Congress Party, which rules in Punjab. Finally, Singh identifies as gay.

In 2018, Singh suffered two violent attacks. In the first, petitioner was posting fliers associated with the Mann Party outside a Sikh temple when four men—who identified themselves as members of the Congress Party—threatened and beat Singh with sticks. Petitioner's father brought him to a state hospital, but when the doctor learned that Congress Party members were involved in the attack, the doctor refused to administer treatment until Singh obtained a police report. Singh went to the police station and attempted to file a police report, but the officer refused to issue one. Instead, because the attack involved members of the Congress Party, the officer threatened to fabricate and charge Singh with drug crimes that could carry a life sentence. In the second incident, Singh was biking home after attending a Mann Party member's wedding ceremony when a group of five men[1] struck him with their car, exited the vehicle, told Singh that he should quit the Mann Party, and again beat him with sticks.

---

[1] Singh testified that, though the men's faces were covered, he believes that some of them were the same men who had participated in the first attack.

No. 20-60766

Singh fled India and entered the United States at an unknown location on February 14, 2019, and he was detained upon arrival. He conceded to removability, and sought asylum, withholding of removal, and protection under CAT. An IJ denied relief, and Singh appealed to the BIA. Regarding the asylum and withholding of removal claim, the BIA determined that Singh failed to show past persecution or a well-founded fear of persecution, or that the Indian government was unable or unwilling to control the feared individuals. As to the request for protection under CAT, the BIA found that Singh failed to establish that he would more likely than not be tortured in India by or with the consent or acquiescence of a public official. Accordingly, the BIA dismissed Singh's appeal. Singh timely filed a petition for this Court to review the BIA's decision.

## II.    DISCUSSION

### A.    Standard of Review

On petition for review of a BIA decision, this Court reviews factual findings for substantial evidence and questions of law de novo.[2] Under this standard, reversal is improper unless the evidence compels a contrary conclusion.[3] This Court reviews the BIA's decision and only looks to the IJ's decision to the extent it was adopted or relied on by the BIA.[4]

### B.    Asylum and Withholding of Removal

To qualify for asylum, an applicant must demonstrate: (1) "either past persecution or a reasonable, well-founded fear of future persecution" (2) "on

---

[2] *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

[3] *Carbajal-Gonzalez v. Immigr. & Naturalization Serv.*, 78 F.3d 194, 197 (5th Cir. 1996).

[4] *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

account of" (3) one of the five grounds enumerated in 8 U.S.C. § 1101(a)(42)(A).[5] Similarly, an applicant for withholding of removal must show that it is more likely than not that his or her life or freedom would be threatened by persecution on account of one of the same five categories mentioned under asylum.[6] Withholding of removal is a higher standard than asylum, and an application for withholding will fail if the asylum claim fails.[7]

Singh argues that the BIA erred when it found that his experiences—the two attacks, the denial of treatment at the hospital, and the police's refusal to issue a report—are insufficient, even in the aggregate, to show past persecution. Although these events are repugnant, and we sympathize with Singh, the BIA correctly held that they did not rise to the level of persecution. Under our precedent, persecution "is not harassment, intimidation, threats, or even assault," and it "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional."[8] To qualify as persecution, the conduct must have "the quality of a *sustained*, systematic effort to target an individual on the basis of a protected ground."[9] This Court, facing similar facts, has previously held that "[p]ersecution requires more."[10] Consequently, we conclude that the record does not compel the conclusion that Singh suffered past persecution.[11]

---

[5] *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014).

[6] *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

[7] *Id.*

[8] *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) (quoting *Al–Fara v. Gonzales*, 404 F.3d 733, 739 (3rd Cir. 2005)).

[9] *Gjetani v. Barr*, 968 F.3d 393, 397-98 (5th Cir. 2020).

[10] *Id.* at 397 (collecting cases).

[11] Because Singh cannot show past persecution, we do not reach his remaining argument that the BIA erred when it concluded that the Indian Government was unable or

Singh also disputes the BIA's holding that he lacked an objectively reasonable fear of future persecution on account of his membership in the Mann Party, Sikh religion, and identity as a gay man. But substantial evidence—including some of petitioner's own country condition evidence—supports the BIA's conclusion that widespread, government-condoned violence in India does not occur against followers of the Sikh religion, members of the Mann party, or gay men. Thus, the record does not compel the conclusion that Singh has an objectively reasonable fear of future persecution.

In short, applying our deferential standard of review, we must deny the petition to review Singh's asylum and withholding of removal claims.

## C.     Convention Against Torture

Singh also argues that BIA erred when it concluded that he did not meet the requirements for his CAT claim. To obtain protection under CAT, a petitioner must prove that he would more likely than not be tortured in India by or with the consent or acquiescence of a public official.[12] That showing is a "higher bar" than what is required for the persecution element of an asylum claim.[13]

Here, Singh points to the same evidence the BIA rejected as grounds for the asylum claim: the two attacks in 2018, the police threat to falsely charge him with drug crimes, and his country condition evidence. As

---

unwilling to control the feared individuals. *See Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.") (citing *Hirabayashi v. United States*, 320 U.S. 81, 85 (1943)).

[12] *See* 8 C.F.R. § 1208.16(c)(2).

[13] *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002).

No. 20-60766

discussed, this evidence is insufficient to show a likelihood of future persecution. Consequently, it cannot meet the "higher bar" required to support a CAT claim.[14] We conclude that substantial evidence supports the BIA's holding that Singh did not adequately show a likelihood of torture upon removal to India, and we therefore deny Singh's motion to review as to his CAT claim.[15]

### III.   CONCLUSION

Because substantial evidence supports the BIA's conclusion that Singh has not suffered from past persecution, does not have an objectively reasonable fear of future persecution, or will more likely than not be tortured in India by or with the consent or acquiescence of a public official, we DENY the petition for review of the BIA's decision.

---

[14] *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) ("[T]he incidents specific to [petitioner] . . . do not even rise to the level of persecution. It follows *a fortiori* they do not constitute torture.").

[15] Our decision in *Arulnathy v. Garland*, 17 F.4th 586 (5th Cir. 2021) does not compel a different result. In *Arulnathy*, we held that "the BIA violated CAT regulations by ignoring [the petitioner's] hundreds of pages of evidence about country conditions in Sri Lanka." *Id.* at 598. There, the IJ and BIA wholly refused to consider the petitioner's country condition evidence, ruling instead that a negative credibility assessment was dispositive. *Id.* at 591-92.

In contrast, here, the IJ and the BIA expressly considered petitioner's country condition evidence, and held that it was inadequate to show a likelihood of future persecution. Moreover, when evaluating Singh's CAT claim, the BIA noted that "the evidence does not otherwise establish that the [Indian] government will acquiesce to [Singh's] torture or torture him if he returns to India because of his membership in the Mann Party." Although the BIA did not explicitly address whether the country condition evidence regarding torture of Sikh or gay individuals in India impacted its analysis of the CAT claim, it implicitly did when it (1) rejected the asylum claim, and (2) rejected Singh's argument that the IJ failed to consider the totality of the evidence. Thus, "it cannot be said that the BIA failed to give 'full and fair consideration of all *circumstances* that give rise to [Singh's] claims.'" *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (quoting *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996)).