# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2022

Lyle W. Cayce
Clerk

No. 21-60804
Summary Calendar

SUCHANG CAI,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 093 411

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Suchang Cai, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from a decision of the Immigration Judge (IJ) concluding that she was not entitled to asylum, withholding of removal, and relief under the Convention

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Against Torture (CAT). The BIA affirmed the IJ's adverse credibility determination; on that basis, it concluded, as did the IJ, that Cai was not entitled to any form of relief.

Cai challenges the agency's credibility determination. However, the IJ and the BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted). Cai has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in her case. *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009). Thus, the agency's determination is supported by substantial evidence. *See id.* at 536-40.

Without credible evidence, there was no basis for the BIA to grant asylum or withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). To the extent that Cai raises other issues regarding the denial of her asylum and withholding of removal claims, given the dispositive adverse credibility determination, we need not address those issues. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

Cai contends that she should have been granted relief under the CAT. She asserts that she carried her burden to establish an entitlement to CAT relief based on the testimonial evidence that the police detained her, administered beatings, and have continued to look for her after she left China. Cai also refers generally to documentary evidence of country conditions in China to support her CAT claim. However, because a challenge to the denial of Cai's CAT claim based on non-testimonial country condition evidence is unexhausted, we lack jurisdiction to consider the issue. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016).

An adverse credibility determination is not necessarily dispositive of a CAT claim, but where a petitioner has pointed to "no independent, non-testimonial evidence going to the likelihood of torture," the adverse credibility finding is also decisive of her CAT claim. *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021) (quotation at 598). Here, Cai's "individual narrative itself … continues to provide the core of [her] claim," and, as discussed earlier, the BIA determined that Cai's narrative lacked credibility. *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019). In view of the adverse credibility determination, the denial of relief under the CAT is supported by substantial evidence. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020).

Accordingly, the petition for review is DENIED in part and DISMISSED in part.