EDITH H. JONES, Circuit Judge:
Petitioner Maninder Singh Ghotra challenges an order by the Board of Immigration Appeals ("BIA") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Upon reviewing the record, we AFFIRM the BIA's decision.
BACKGROUND
Ghotra is a native and citizen of India. After conceding removability before an Immigration Judge ("IJ"), Ghotra applied for asylum, withholding of removal, and relief under CAT. Ghotra claimed that he feared persecution in India based on his Sikh faith and his membership in the Shiromani Alali Dal (Amritsar) political party (i.e. , the "Mann Party"). Specifically, he alleged that members of a rival political party had severely beaten him and threatened his life because of his affiliation with those groups. In support, Ghotra provided live testimony, affidavits from family and friends, an Indian newspaper article reporting that Ghotra had been attacked by members of a rival political party in August 2012, a doctor's note stating that Ghotra had been hospitalized for internal injuries in August 2012, and country conditions reports that documented the general hostility in India toward Sikhs and the Mann Party. After finding that Ghotra was not credible, the IJ denied relief. The BIA affirmed on that basis, citing inconsistencies between Ghotra's asylum application, in-person testimony, and affidavits submitted by his parents and a family friend. Ghotra challenges the BIA's decision that he is not eligible for relief, claiming: (1) the BIA erred in its credibility determination, and (2) the BIA erred by failing to explicitly address documentary evidence that corroborates portions of his narrative.
STANDARD OF REVIEW
Because the BIA "issued its own opinion and elaborated on its own reasoning," this court will confine its review to the BIA opinion and will not review the underlying IJ decision. Orellana-Monson v. Holder , 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence. Singh v. Sessions , 880 F.3d 220, 224 (5th Cir. 2018).
*288 Thus, this court will not reverse an adverse credibility determination "unless ... the evidence is so compelling that no reasonable factfinder" could find the applicant's testimony incredible. Orellana-Monson , 685 F.3d at 518 (internal quotation marks omitted). By contrast, this court reviews the BIA's legal determinations de novo, "including whether the Board applied an inappropriate standard or failed to make necessary findings." Iruegas-Valdez v. Yates , 846 F.3d 806, 810 (5th Cir. 2017). If this court determines that the BIA applied an inappropriate standard or neglected necessary findings, the court will vacate the decision and remand to the BIA. Id . at 811, 813.
DISCUSSION
Ghotra applied for asylum, withholding of removal, and relief under CAT. To qualify for asylum, an applicant must establish that he is "unable or unwilling to return to ... [and] avail himself or herself of the protection of [his home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) ; see also id . § 1158(b)(1)(B)(i). If the applicant establishes that he suffered past persecution based on one or more of these protected grounds, there is a rebuttable presumption that he has a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). Absent this presumption, the applicant must affirmatively establish a well-founded fear of persecution that is both subjectively held and objectively reasonable. Eduard v. Ashcroft , 379 F.3d 182, 188-89 (5th Cir. 2004). "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh ... credible testimony along with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(ii). "There is no presumption of credibility," but rather the credibility of relevant testimony is determined by "[c]onsidering the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii).
To qualify for withholding of removal, an applicant must establish that "it is more likely than not" that "his life or freedom would be threatened" in the proposed country of removal due to his race, religion, nationality, membership in a particular social group, or political opinion, which poses a higher bar than the "well-founded fear" standard for asylum. Efe v. Ashcroft , 293 F.3d 899, 906 (5th Cir. 2002) (citing 8 C.F.R. § 208.16(b) ). If an applicant does not carry his burden for asylum, he will not qualify for withholding of removal. Id .
To qualify for relief under CAT, an applicant must establish that "it is more likely than not" that he would be tortured in the proposed country of removal. 8 C.F.R. § 208.16(c)(2). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered ...." 8 C.F.R. § 208.16(c)(3).
I. Adverse Credibility Determination
The BIA denied Ghotra's application for asylum, withholding of removal, and relief under CAT after finding that the IJ's adverse credibility determination was not clearly erroneous in view of the inconsistencies between Ghotra's testimony, asylum application, and supporting affidavits. "As the respondent's testimony is not *289 credible," the BIA reasoned, "he has failed to satisfy his burden of proof for asylum ... [and] the more stringent burden of proof to establish his eligibility for withholding of removal." Furthermore, "[a]s his application for protection under the CAT is premised on the same factual situation as his application for asylum, the respondent's non-credible testimony cannot meet his burden" for relief under CAT.
Ghotra challenges the adverse credibility determination underlying the denial of relief by attempting to reconcile the inconsistencies in his testimony. He further asserts that the cited inconsistencies cannot sustain the BIA's ruling because many of them stem from omissions rather than contradictions and none "go to the heart" of his claims. Finally, Ghotra argues that the BIA should have "consider[ed] the large amount of corroborating evidence" in the record rather than "focus[ing] on every affidavit that failed to contain all of the events testified to by Ghotra and some inconsistencies that, in the overall scheme of things, were minor." Primarily on these grounds, Ghotra claims that the BIA determination was erroneous.[1]
This court disagrees: the BIA's adverse credibility determination is supported by substantial evidence. In its decision, the BIA catalogued numerous, specific inconsistencies in Ghotra's presentation, and it identified crucial omissions in statements submitted by Ghotra and in third parties' supporting affidavits. Put simply, the BIA supported its determination with "specific and cogent reasons derived from the record." Singh , 880 F.3d at 225 (internal quotation marks omitted).
Furthermore, contrary to Ghotra's assertions, the BIA did not err by relying on omissions and subsidiary contradictions in making its adverse credibility determination. The BIA "may rely on any inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." Wang v. Holder , 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks omitted). Thus, the BIA may consider discrepancies in statements made or submitted by the applicant "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." Id . at 537 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii) ).
Although some record evidence supports Ghotra's claims for relief, the evidence does not compel a finding that, "from the totality of the circumstances, ... no reasonable fact-finder" could have found Ghotra incredible. Singh , 880 F.3d at 225 (internal quotation marks omitted). Ghotra directly contradicted himself on at least one aspect of his story and his parents' statements directly contradicted him on another. There are also numerous inconsistencies between Ghotra's testimony, asylum application, and proffered affidavits. The BIA's adverse credibility determination is supported by substantial evidence.
II. Failure to Explicitly Consider Evidence
As an alternative basis for relief, Ghotra claims that the BIA erred by "fail[ing] to discuss any of the supporting reports and articles [he] submitted ... that corroborate his claim that there is *290 anti-Sikh violence in India particularly targeting Mann Party members." Ghotra argues the BIA similarly erred by only discussing the supporting affidavits in terms of their inconsistencies and by failing to also discuss the extent to which they corroborate his claims. In this way, he concludes, the BIA improperly and selectively considered the record, omitting relevant and material evidence from its deliberations. Ghotra asks this court to remand to the BIA for further consideration in view of the allegedly omitted evidence.
Although this court will only reverse the BIA's decision if "the evidence is such that a reasonable factfinder would have to conclude" that the applicant qualifies for relief, this court "[n]evertheless ... review[s] the BIA's decision 'procedurally' to ensure that the complaining alien has received full and fair consideration of all circumstances that give rise to his or her claims." Abdel-Masieh v. INS , 73 F.3d 579, 585 (5th Cir. 1996) (internal quotation marks omitted) (emphasis added). In assessing whether the applicant "received full and fair consideration," this court looks to see "merely that [the BIA] consider[ed] the issues raised, and announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Efe , 293 F.3d at 908 (internal quotation marks omitted). "The Board does not have to write an exegesis on every contention." Id . (internal quotation marks omitted).
In this case, Ghotra submitted documentary evidence as "corroborat[ion]" for portions of his internally inconsistent narrative. The documents include affidavits, background reports on country conditions in India, and an Indian newspaper article reporting that Ghotra had been attacked in August 2012. Ghotra's individual narrative itself, however, continues to provide the core of his claim-and, as noted earlier, the BIA thoroughly considered the details of that narrative, finding it inconsistent and incredible. Although the documents echo portions of Ghotra's narrative, none of them resolve the inconsistencies that the BIA found so troubling. As to the background reports describing historical and contemporary anti-Sikh violence in India, Ghotra has offered no explanation for how these materials corroborate, much less independently support, his claims. Furthermore, although the newspaper article could arguably show past persecution, Ghotra did not claim that-even ignoring his inconsistent testimony-the article (or any other evidence not discussed by the BIA) independently establishes his eligibility for relief. Therefore, any argument along those lines is waived.[2]
Given the reiterative content of the documents and the BIA's extensive credibility assessment, it cannot be said that the BIA failed to give "full and fair consideration of all circumstances that give rise to [Ghotra's] claims." Abdel-Masieh , 73 F.3d at 585 (internal quotation marks omitted) (emphasis added); see also Efe , 293 F.3d at 907-08 (upholding the BIA's decision to deny relief under CAT based on an adverse credibility determination where "the credibility assessment ... [went] directly to the issue of whether or not [the applicant] will be tortured" and the applicant failed to "produce corroborating evidence that would clarify his inexcusably inconsistent testimony"). Therefore, the BIA did not err.
*291 CONCLUSION
For the foregoing reasons, we AFFIRM the BIA's decision to deny Ghotra's application for asylum, withholding of removal, and relief under CAT.

Ghotra also challenges certain findings of the IJ who initially denied his application for relief. However, because the BIA provided its own written decision explaining its reasons for affirming the IJ, the IJ's decision is not properly before this court. See Orellana-Monson , 685 F.3d at 517. Thus, this court declines to address Ghotra's objections to the IJ's findings.

Ghotra's case is thus distinguishable from Iruegas-Valdez , where the applicant explicitly argued that his non-testimonial evidence independently established his eligibility for relief. See 846 F.3d at 810-11. Iruegas-Valdez does not stand for the proposition that remand is warranted any time the BIA does not discuss every piece of corroborating evidence.