# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2020

Lyle W. Cayce
Clerk

ENRIQUE D. MACHIN GONZALEZ, also known as Enrique Daniel Machin,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A216 567 087

Before BENAVIDES, DENNIS, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Enrique D. Machin Gonzalez, a native and citizen of Cuba, petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Machin Gonzalez argues that the BIA erred in (1) upholding the adverse credibility finding of the Immigration Judge (IJ); (2) substituting its own credibility determination on appeal; (3) finding

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he failed to prove his eligibility for asylum; (4) failing to fully analyze his withholding of removal claim; and (5) finding that he failed to prove his eligibility for protection under the CAT.

We review only the BIA's decision, unless, as here, the IJ's decision has influenced the BIA's decision. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Our review of findings of fact is for substantial evidence, and we will not reverse a factual finding unless the petitioner demonstrates "that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id*. at 537.

In light of the inconsistencies discussed by the IJ and the BIA, there is substantial evidence supporting the adverse credibility finding, and the evidence in the record does not compel a contrary conclusion. *See Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019). We lack jurisdiction to consider Machin Gonzalez's challenge that the BIA substituted its own credibility determination, because he failed to exhaust his administrative remedies. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). In light of the reasonable adverse credibility finding, Machin Gonzalez has not met his burden to establish eligibility for asylum. *See Eduard v. Ashcroft*, 379 F.3d 182, 187–88 (5th Cir. 2004); s*ee Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994). Contrary to Machin Gonzalez's argument, the BIA did not summarily conclude, without analysis, that he could not establish his eligibility for withholding of removal. *See Ghotra*, 912 F.3d at 290. Finally, in light of the adverse credibility finding, Machin Gonzalez has not met his burden to establish eligibility for protection under CAT. *See Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART.