# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2021

Lyle W. Cayce
Clerk

No. 19-60638
Summary Calendar

Yeasin Arafat,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 770 660

Before Barksdale, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:*

Yeasin Arafat, a native and citizen of Bangladesh, petitions for review of the Board of Immigrations Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of: his application for asylum; withholding of removal; and relief under the Convention Against Torture (CAT). His claims arise

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

out of his alleged membership and activities in a political party in Bangladesh. Arafat asserts the BIA erred in:  affirming the IJ's adverse credibility determination; finding Arafat did not show a well-founded fear of future persecution; and finding he did not show it was more likely than not he would be tortured if removed to Bangladesh.

"Because the BIA issued its own opinion and elaborated on its own reasoning, this court will confine its review to the BIA opinion and will not review the underlying IJ decision." *Ghotra v. Whitaker*, 912 F.3d 284, 287 (5th Cir. 2019) (internal quotation marks and citation omitted).  Findings of fact, including asylum eligibility, are reviewed for substantial evidence, which requires the decision be:  based on the evidence presented; and substantially reasonable. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).  The BIA's finding is conclusive under that standard unless the record compels a contrary finding.  8 U.S.C. § 1252(b)(4)(B).

Credibility determinations are factual findings, also reviewed for substantial evidence. *See Wang v. Holder*, 569 F.3d 531, 538–39 (5th Cir. 2009).  We defer to a "credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling". *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (internal quotation marks and citation omitted).  The BIA ruled the IJ's adverse credibility finding was supported by substantial evidence, citing Arafat's obtaining his passport after he was in custody, and inconsistencies in medical documents and testimony. *See id.* ("An IJ may rely on any inconsistency . . . in making an adverse credibility determination").  In view of those inconsistencies, Arafat has failed to show the evidence was so compelling that "no reasonable fact-finder could make such an adverse credibility ruling". *Id.*  We lack jurisdiction to consider Arafat's unexhausted claim he was not required to appear in person to obtain a re-issued passport. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (holding failure to raise

No. 19-60638

a claim before the BIA constitutes failure to exhaust administrative remedies and "jurisdictionally bars" the court from review).

Even if an adverse credibility determination is made, an applicant may be eligible for asylum if he shows he has a well-founded fear of future persecution that is objectively reasonable. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012). Arafat has not shown, however, that the evidence compels the conclusion that he has a well-founded fear of future persecution on account of a protected ground. *See Sharma*, 729 F.3d at 411. Substantial evidence therefore supports the BIA's affirmance of the denial of asylum relief. Because Arafat could not meet his burden to show he was eligible for asylum relief, he could not meet the higher burden to show he was eligible for withholding of removal. *See Dayo*, 687 F.3d at 658–59.

Finally, Arafat has not shown the evidence compels the conclusion he was entitled to CAT relief. *See Sharma*, 729 F.3d at 411. His claim is based on the same evidence as his claims for asylum and withholding of removal, and he articulates no reason why he is entitled to CAT relief even if those claims fail. Accordingly, he has not shown the evidence compels the conclusion that "it is more likely than not that he would be tortured" by, or with the consent or acquiescence of, public officials. *Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005).

DISMISSED in part and DENIED in part.