# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2021

Lyle W. Cayce
Clerk

No. 20-60585
Summary Calendar

Franklyne Njang Ngoh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 288 647

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Franklyne Njang Ngoh, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the Immigration Judge's (IJ) denying: his applications for asylum, withholding of removal, and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60585

(CAT). He contends the BIA erred in affirming the IJ's adverse credibility determination, and accordingly he is eligible for relief.

Our review is limited to the BIA's decision, but we may consider the IJ's decision to the extent it affected the BIA's. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings, including credibility determinations, are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* at 517–18; *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). Determinations regarding eligibility for asylum, withholding of removal, and CAT relief are also reviewed for substantial evidence. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). To prevail under the substantial-evidence standard, petitioner must show the evidence in his favor "was so compelling that no reasonable factfinder could conclude against it". *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

In affirming the IJ's adverse credibility determination, the BIA relied on inconsistencies that Njang Ngoh contends are not inconsistencies at all or are too trivial to justify the IJ's finding. An adverse credibility assessment, however, may be based on "any inconsistency", even if it does not go to the heart of applicant's claim. *Avelar-Oliva*, 954 F.3d at 768; *see Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019); 8 U.S.C. § 1158(b)(1)(B)(iii). As for Njang Ngoh's asserting certain statements are not inconsistent, he has not established "no reasonable factfinder could come to the same conclusion[s]" as the BIA. *Wang*, 569 F.3d at 540; *see Avelar-Olivia*, 954 F.3d at 768–69. Njang Ngoh has not established "the evidence compels" us to conclude otherwise, and the adverse credibility finding stands. Accordingly, substantial evidence supports the IJ's determining Njang Ngoh failed to show he qualifies for asylum or withholding of removal. *See Singh v. Sessions*, 880 F.3d 220, 224–26 (5th Cir. 2018); *see also Dayo v. Holder*, 687 F.3d 653, 657–58 (5th Cir. 2012).

No. 20-60585

An alien may obtain protection under CAT if he shows, *inter alia*, he is more likely than not to be tortured if removed to the proposed country of removal. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). The BIA concluded Njang Ngoh failed to make this showing, and he has not demonstrated the evidence compels a contrary conclusion. *Wang*, 569 F.3d at 537. Although Njang Ngoh also contends the BIA improperly limited its review of his CAT claim by considering only some of the evidence, we lack jurisdiction to consider this contention because he failed to raise it before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318–19, 320–21 (5th Cir. 2009).

DISMISSED in part; DENIED in part.