# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2022

Lyle W. Cayce
Clerk

No. 20-60425
Summary Calendar

Vikramjeet Singh,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 739 619

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges*.

Per Curiam:*

Vikramjeet Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of a decision by an Immigration Judge (IJ) that denied his applications for asylum, withholding of removal, and relief under the Convention Against

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60425

Torture (CAT).  He contends that the BIA erred in affirming the IJ's adverse credibility determination and, accordingly, that he is eligible for relief.

Our review is limited to the BIA's decision, but we may consider the IJ's decision to the extent it affected the BIA's.  *See Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  The BIA's factual findings, including credibility determinations, are reviewed for substantial evidence; its legal conclusions are reviewed de novo.  *Id.* at 517-18; *see also Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).  Determinations regarding eligibility for asylum, withholding of removal, and relief under the CAT are also reviewed for substantial evidence.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  To prevail under the substantial evidence standard, the petitioner must show the evidence in his favor "was so compelling that no reasonable factfinder could conclude against it."  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

In affirming the IJ's adverse credibility determination, the BIA relied on omissions or inconsistencies that Singh contends do not justify the IJ's finding.  An adverse credibility assessment, however, may be based on "any inconsistency," even if it does not go to the heart of the applicant's claim.  *Avelar-Oliva*, 954 F.3d at 768; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019).  Singh has not established that no reasonable factfinder could come to the same conclusions as the BIA.  *See Avelar-Olivia*, 954 F.3d at 768-69; *Wang*, 569 F.3d at 540.  He thus has not established that the evidence compels us to conclude otherwise, and the adverse credibility finding stands.  *See Wang*, 569 F.3d at 537.  Accordingly, substantial evidence supports the IJ's determination that Singh failed to show he qualifies for asylum or withholding of removal.  *See Singh v. Sessions*, 880 F.3d 220, 226 (5th Cir. 2018); *Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).

No. 20-60425

An alien may obtain protection under the CAT if he shows, inter alia, that he is more likely than not to be tortured if removed to the proposed country of removal. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015). The BIA concluded that Singh failed to make this showing, and he has not demonstrated that the evidence compels a contrary conclusion. *See Wang*, 569 F.3d at 537.

Accordingly, the petition for review is DENIED.