# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2022

Lyle W. Cayce
Clerk

No. 20-60643
Summary Calendar

Mkrtich Ziretsyan,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 759 954

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Mkrtich Ziretsyan, a native and citizen of Armenia, petitions us to review the Board of Immigration Appeals' decision upholding the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Ziretsyan argues here that the BIA

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60643

erred by upholding a negative credibility determination, finding that he was not persecuted, and not giving his counsel an opportunity to object to the asylum officer's notes.

We review the Board's decision and consider the immigration judge's decision only to the extent it influenced the Board. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

We are not compelled to find that Ziretsyan should have been found credible. The immigration judge found inconsistencies between the credible fear interview and the testimony that are supported by the record and so, while reasonable explanations might exist, they do not compel the conclusion that Ziretsyan testified credibly. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 768 (5th Cir. 2020). Without credible evidence, there is no basis to analyze the asylum and withholding arguments. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Similarly, the adverse credibility determination does not support Zirestyan's CAT claim, and he does not argue that the country condition evidence he submitted indicates any likelihood that he will be tortured on return to Armenia. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019).

We are not compelled to find that Ziretsyan's attorney did not have an opportunity to object to the credible fear interview or that Ziretsyan was substantially prejudiced. *See Vetcher v. Barr*, 953 F.3d 361, 370 (5th Cir. 2020).

DENIED. The motion for appointment of counsel is also DENIED.