# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2022

Lyle W. Cayce
Clerk

No. 20-60940
Summary Calendar

Jas Bahadur Pun,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 927 593

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.
Per Curiam:*

Jas Bahadur Pun, a native and citizen of Nepal, petitions us for a review of a decision of the Board of Immigration Appeals (BIA) upholding the denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT) based on a negative credibility

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60940

determination. He argues that there are explanations for some of the factors outlined by the Immigration Judge (IJ) or that the findings were otherwise improper. He also offers argument regarding the merits of his underlying asylum claims.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, this court may not overturn a factual finding unless the evidence compels a contrary result. *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

We do not find that the findings of the IJ were not based in the record. There are credibility factors that are not argued by Pun, and these waived factors are dispositive of the claim. *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). However, the factors that are argued by Pun have a foundation in the evidence and so the plausibility of an alternate finding can lead to no relief. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017). Analysis of the asylum factors argued by Pun is unnecessary because this claim cannot succeed without credible evidence. 8 U.S.C. § 1158(b)(1)(B); *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). As Pun cannot prove his asylum claim, his withholding arguments necessarily fail. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

We do not find that the country conditions evidence, as the only evidence surviving the negative credibility determination, independently proves Pun's Convention Against Torture claim or remedy his credibility. *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019).

DENIED.