# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2022

Lyle W. Cayce
Clerk

No. 21-60458

Kamaljeet Singh Masi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 602 089

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Kamaljeet Singh Masi, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals. The BIA upheld the Immigration Judge's denial of Singh Masi's application for asylum, withholding of removal, and relief under the Convention Against Torture. Singh Masi advances four arguments on appeal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60458

First, Singh Masi argues that the Immigration Judge improperly relied on the "Third Country Transit Bar." 8 C.F.R. § 1208.13(c)(4). When the IJ denied Singh Masi's claim, the rule was still in effect. The rule was vacated shortly after the IJ denied his claim but before the BIA considered his appeal. *See Cap. Area Immigrants' Rts. Coal. v. Trump*, 471 F. Supp. 3d 25, 59 (D.D.C. 2020), *appeal dismissed as moot sub nom. I.A. v. Garland*, No. 20-5271, 2022 WL 696459 (D.C. Cir. Feb. 24, 2022). The BIA did not base its decision on the Third Country Transit Bar, presumably because it realized the rule was no longer in effect. In fact, it did not even mention the rule. "Our review considers the IJ's reasoning only insofar as the BIA's decision incorporated it." *Tabora Gutierrez v. Garland*, 12 F.4th 496, 501 (5th Cir. 2021). While the IJ relied on the Third Country Transit Bar, the BIA did not, so the rule is irrelevant to this appeal.

Second, Singh Masi argues that the BIA should have granted him "past-persecution only asylum," or "humanitarian asylum." He argues that even if the BIA were right that he failed to show a well-founded fear of future persecution, his past persecution was severe enough to entitle him to asylum. *See, e.g.*, *Matter of Chen*, 20 I. & N. Dec. 16, 19 (B.I.A. 1989); *Lal v. INS*, 255 F.3d 998, 1003, *amended on reh'g*, 268 F.3d 1148 (9th Cir. 2001) (finding applicants were eligible for asylum based on the severity of their past persecution). But because this claim was not presented to the BIA, we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009) (reviewing courts lack jurisdiction to review claims not raised before the BIA); *see also* 8 U.S.C. § 1252(d).

Third, Singh Masi argues that the BIA's adverse credibility determination was in error. "[I]t is the factfinder's duty to make determinations based on the credibility of the witnesses." *Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020) (quoting *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018)). "The factfinder may rely on any inconsistency or

omission to determine that the petitioner is not credible in light of the totality of the circumstances, regardless of whether the inconsistency or omission goes to the heart of the applicant's claim." *Id.* (citing *Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019)); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (factors the trier of fact may consider when making a credibility determination). We defer to a factfinder's "credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (quoting *Singh*, 880 F.3d at 225). Here, that daunting standard has not been met because substantial evidence supported the BIA's determination that Singh Masi was not credible. The BIA found several implausibilities and inconsistencies in Singh Masi's testimony. Some of these inconsistencies were relatively minor, like variations in his story about how many people attacked him, how many shots he heard, where shots struck his car, and which uncle's house his wife was at during a shooting. Other inconsistencies were so fundamental that it is more difficult for Singh Masi to explain them away, including whether his wife and children fled with him to the state of Haranya, what parts of his body were injured, and whether his wife had been harmed since he left India. Because Singh Masi's "construction of the evidence is not compelled by the record," this argument is unavailing. *Id.* at 768.

Finally, Singh Masi argues that the BIA improperly paid only "token lip service" to his Convention Against Torture claim and the evidence supporting it. Not so. The BIA found that Singh Masi's CAT claim suffered from the same credibility problem as his claim for asylum. Singh Masi offered no evidence corroborating his testimony, and that BIA had found that testimony to be unreliable. Denying his claim on that basis was not reversible error. *See Efe v. Ashcroft*, 293 F.3d 899, 907–08 (5th Cir. 2002) (affirming denial of CAT claim where petitioner lacked credibility and failed to

No. 21-60458

"produce corroborating evidence that would clarify his inexcusably inconsistent testimony").

The petition for review is DENIED.