**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 20-2018**

———————————

EMMANUEL NGINYU NGWANG NJOKA,

        Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted: August 24, 2022                    Decided: September 1, 2022

———————————

Before MOTZ and DIAZ, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————————

Petition granted in part, denied in part, and remanded by unpublished per curiam opinion.

———————————

**ON BRIEF:** Rajan O. Dhungana, FEDERAL PRACTICE GROUP, Washington, D.C., for Petitioner. Brian Boynton, Acting Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Sabatino F. Leo, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Nginyu Ngwang Njoka, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing Njoka's appeal from the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons explained below, we grant in part and deny in part the petition for review, and we remand to the Board for further proceedings.

We begin with the recognition that the Board erroneously applied the law of the Fifth Circuit in assessing Njoka's applications for relief. The Board apparently assumed that venue for Njoka's petition for review would be proper in the Fifth Circuit. But we recently held that the venue statute applicable to petitions for review filed in immigration proceedings, 8 U.S.C. § 1252(b)(2), contemplates only where the IJ was located when the proceedings were completed. *Herrera-Alcala v. Garland*, 39 F.4th 233, 243 (4th Cir. 2022). And because the IJ in Njoka's case was in Falls Church, Virginia, when he completed the proceedings, venue for the petition for review was and is proper in this circuit. *Id.* Accordingly, we are satisfied that the Board should have applied Fourth Circuit law to Njoka's claims. *See Borovsky v. Holder*, 612 F.3d 917, 920 (7th Cir. 2010) (concluding that Board should not have applied Eighth Circuit law when venue was proper in Seventh Circuit); *Llapa-Sinchi v. Mukasey*, 520 F.3d 897, 901 (8th Cir. 2008) (explaining that law of circuit in which venue lies is applicable).

Notwithstanding, we have reviewed the Board's rejection of Njoka's asylum and withholding of removal claims under the law of this circuit and conclude that the Board's

decision on those claims is legally sound and supported by substantial evidence. *See Herrera-Alcala*, 39 F.4th at 242, 244-53 (stating standard of review and denying petition for review under this circuit's law despite Board's application of Fifth Circuit law). In particular, we emphasize that substantial evidence supports the Board's affirmance of the IJ's adverse credibility finding. *See id.* at 251 (affirming adverse credibility finding supported by substantial evidence). The Board also did not err in ruling that Njoka had not established his entitlement to asylum and withholding of removal "through evidence independent of his own testimony." *Hui Pan v. Holder*, 737 F.3d 921, 930 (4th Cir. 2013). Accordingly, we deny the petition for review as to Njoka's asylum and withholding of removal applications.

On the other hand, we conclude that the Board erred in affirming the IJ's denial of CAT protection. The Board's sole justification for that affirmance was the adverse credibility finding. The Board suggested that, under Fifth Circuit precedent, an adverse credibility finding defeats a claim for CAT protection. *See Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019). But under the law of this circuit, an adverse credibility finding is "not determinative" of a claim for CAT protection.[1] *Ibarra Chevez v. Garland*, 31 F.4th 279, 288 (4th Cir. 2022); *see Camara v. Ashcroft*, 378 F.3d 361, 371 (4th Cir. 2004) ("Because there is no subjective component for granting relief under the CAT, the adverse

---

[1] After the Board decided Njoka's appeal, the Fifth Circuit clarified that an adverse credibility finding does not necessarily defeat a claim for CAT protection. *Arulnanthy v. Garland*, 17 F.4th 586, 597-98 (5th Cir. 2021). So the Board's reasoning in Njoka's case also conflicts with Fifth Circuit precedent.

credibility determination on which the IJ relied to deny [the petitioner's] asylum claim would not necessarily defeat her CAT claim."). The Board was thus obliged to also consider Njoka's independent evidence in the context of his claim for CAT protection.[2] *See Camara*, 378 F.3d at 371-72. Because the Board did not fulfill that duty, we will grant the petition for review in part and remand for the Board to do so.

Accordingly, we deny the petition for review as to Njoka's asylum and withholding of removal claims and grant the petition for review as to his claim for CAT protection. We remand to the Board for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED*

---

[2] Insofar as the IJ considered Njoka's independent evidence in assessing his claim for CAT protection, the Board did not adopt that aspect of the IJ's decision. *See Herrera-Alcala*, 39 F.4th at 244 ("Though we review the opinions of both the [IJ] and Board, we consider the [IJ's] decision only to the extent the Board's decision adopted it or incorporated it.").