# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2022

Lyle W. Cayce
Clerk

No. 21-60614

COLELIUS TENGEN TANDONG,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 513 846

Before RICHMAN, *Chief Judge*, and DENNIS and HO, *Circuit Judges*.
PER CURIAM:*

Colelius Tengen Tandong, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal from the order of the immigration judge (IJ) denying him asylum, withholding of removal, and Convention Against Torture (CAT) relief. For the following reasons, we DENY the petition for review.

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-60614

## I.

Tandong, a native and citizen of Cameroon, was served with a notice to appear charging him with removability for entering the United States without valid documentation and without being admitted or paroled after inspection. He admitted the allegations and conceded removability. In his 2014 I-589 application, Tandong stated that, in March of 2013, he had participated in a Southern Cameroon National Council rally and was beaten and detained by the police. The police placed him in a dark cell and doused him with cold water; his detention lasted for over a month. In a 2016 sworn declaration, Tandong added that, during his detention, he was "beaten with sticks and belts every day like a thief for hour's [sic] on-end. I was jolted with electricity to my body and I felt like I was going to die." In response to the IJ's questioning at his hearing, Tandong testified that he had been shocked with electricity "[a]bout four times."

The IJ found that Tandong was not credible. Among the inconsistencies cited by the IJ in support of the credibility determination were that Tandong did not mention daily beatings or electrical shocks in his application, and Tandong's declaration implied that he was shocked with regularity over the course of his detention whereas he testified that he was only shocked on four occasions. The IJ also based the adverse credibility finding on Tandong's demeanor, noting that he "exaggerated his testimony," "was overly dramatic," changed his demeanor and the pace of his speech depending on the questioner, and feigned tears. The BIA cited Tandong's demeanor and the foregoing inconsistencies as bases for upholding the IJ's credibility determination.

## II.

On appeal, we review the BIA's factual findings—including the adverse credibility determination—for substantial evidence. *See Avelar-*

*Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).  On substantial-evidence review, factual findings are not reversed unless the petitioner demonstrates "that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion."  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal citations omitted).  The trier of fact, considering the totality of the circumstances and all relevant factors, may base a credibility determination on the following:

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

### III.

Contrary to Tandong's assertion that demeanor alone cannot be the basis for an adverse credibility determination, the BIA permissibly cited Tandong's demeanor as a basis for upholding the adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wang v. Holder*, 569 F.3d 531, 539-40 (5th Cir. 2009).  Although Tandong generally asserts that the inconsistencies cited by the BIA are minor, an adverse credibility determination may be based on "*any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang*, 569 F.3d at 538 (internal quotation marks and citation

omitted).  Tandong fails to show that the adverse credibility determination is unsupported by substantial evidence.  *See id.* at 538-40.

In light of the adverse credibility finding, Tandong is foreclosed from receiving asylum or withholding of removal.  *See Arulnanthy v. Garland*, 17 F.4th 586, 596-97 (5th Cir. 2021); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).  Tandong's challenge to the denial of CAT relief is based entirely upon his challenge to the adverse credibility finding; thus, he does not show that the BIA erred in denying CAT relief.  He does not argue that any nontestimonial record evidence could independently establish his entitlement to CAT relief, and he has therefore waived any such argument. *Arulnanthy*, 17 F.4th at 597-98; *Ghotra v. Whitaker*, 912 F.3d 284, 290 & n.2 (5th Cir. 2019).

## IV.

For the foregoing reasons, the petition for review is DENIED.