# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2023

Lyle W. Cayce
Clerk

———————

No. 21-60437

———————

Metoh Irenaeus Fuechorih,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————————

Appeal from the Board of Immigration Appeals
Agency No. A203 680 222

———————————————————————————

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Metoh Irenaeus Fuechorih is a native and citizen of Cameroon who sought admission to the United States at a port of entry in 2019. Fuechorih was placed in removal proceedings, and subsequently applied for asylum, withholding of removal, and protection under the Convention against Torture (CAT). The Immigration Judge (IJ) found Fuechorih removable as charged and denied his applications for relief and protection from removal based in part on an adverse credibility finding. The Board of Immigration

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60437

Appeals (BIA) found no error in the IJ's decision and dismissed Fuechorih's appeal. Fuechorih now petitions this court for review. For the reasons discussed below, we DENY his petition.

## I. Factual and Procedural History

Fuechorih, born in the northwest region of Cameroon, is an anglophone who joined the Southern Cameroons National Council (SCNC) in 2016 to protest discrimination against anglophone Cameroonians. The Cameroonian government, which is majority-francophone, has deemed the SCNC an "illegal" organization due to its goal of creating a separate, anglophone nation in Southern Cameroon. The government often arrests SCNC members for associating publicly. Between 2018 and 2019, Cameroonian police officers twice detained Fuechorih for over a week due to his participation in SCNC protests. During these detentions, Fuechorih was mocked for being anglophone, asked to denounce the SCNC, beaten twice daily, and told he would be killed.

After recovering from his second detention, Fuechorih fled Cameroon with the help of his father. Fuechorih presented himself at the United States–Mexico border seeking asylum and was detained by immigration officials. The government provided Fuechorih with a credible fear interview and placed him in removal proceedings. The asylum officer who conducted the credible fear interview found Fuechorih to have a credible fear of persecution based on political opinion. Fuechorih, appearing pro se before the IJ, applied for asylum, withholding of removal, and protection under CAT. In support of his applications, Fuechorih submitted his own declaration as well as those from his parents and a close friend from Cameroon who allegedly cared for him after his second detention. After holding a hearing where Fuechorih testified in support of his applications, the IJ found Fuechorih removable as charged and denied his applications for relief and protection from removal.

The IJ made an adverse credibility finding against Fuechorih based on ten discrepancies between his testimony and his other submitted evidence, which "called into question the veracity of his claims about past harm and fear of future harm." In the alternative, the IJ found that Fuechorih had not presented sufficient evidence to support his applications for asylum and withholding of removal or his request for protection under CAT. The BIA sustained the IJ's adverse credibility finding, relying on five of the IJ's stated reasons for making such a finding. The BIA further found that, even if Fuechorih had presented credible evidence, he did not submit sufficient evidence to support his applications for relief and protection from removal. Fuechorih, now represented by counsel, filed the instant petition for review arguing that the BIA erred in denying Fuechorih's applications for relief and protection.

## II. Standard of Review

This Court reviews an immigration court's factual findings for substantial evidence and conclusions of law de novo. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Credibility determinations are factual findings that are reviewed for substantial evidence. *Singh v. Sessions*, 880 F.3d 220, 224–25 (5th Cir. 2018). While an adverse-credibility determination "must be supported by specific and cogent reasons derived from the record," "an IJ may rely on *any* inconsistency or omission in making an adverse-credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 537–38 (5th Cir. 2009) (internal citations removed); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). The petitioner has "the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir. 2006). We therefore defer to an IJ's credibility determination unless we decide "not only that the evidence supports a contrary conclusion, but also that the

evidence *compels* it." *Id.* (internal citation omitted); *see also Singh*, 880 F.3d at 225.

### III. Discussion

This court's analysis begins and ends with the adverse credibility finding. The BIA dismissed Fuechorih's appeal based in part on five of the inconsistencies or omissions identified by the IJ in finding Fuechorih not credible. Fuechorih argues on appeal that the IJ and BIA failed to offer cogent reasons in support of the adverse credibility finding, relying instead on trivial inconsistencies in his evidence. The government responds that the BIA properly relied on material omissions and inconsistencies between Fuechorih's testimony and the other evidence he submitted in finding him not credible. We agree. The BIA offered specific reasons supported by the record in making its adverse credibility finding.[1]

In finding Fuechorih not credible, the BIA relied on five inconsistences or omissions identified by the IJ. First, the BIA pointed to a discrepancy regarding whether Fuechorih ever paid dues as a SCNC member; while Fuechorih submitted an "Attestation of Membership" from the SCNC stating that he was up to date with his membership dues, Fuechorih testified that he never paid any fees to the SCNC. Second, the BIA noted that while Fuechorih testified that he participated in a large protest on May 19, 2018—the same day he was first detained—he described this event as a meeting in his asylum applications and declaration. Third, the BIA highlighted that while Fuechorih stated during his credible fear interview that officials kicked him and tore his clothing during his first detention, Fuechorih

---

[1] Because we resolve Fuechorih's appeal based on the adverse credibility finding, we do not reach the sufficiency of the evidence he presented in support of his applications for relief and protection from removal.

did not make this claim during his testimony before the IJ. Fourth, the BIA observed that Fuechorih testified that after his departure from Cameroon his parents were harassed by the military and forced to flee their home; yet Fuechorih's parents submitted an affidavit that did not include any such incident while describing harassment suffered by friends and other family. Lastly, while Fuechorih testified that his friend took him in and helped him recuperate after his second detention, an affidavit from that same friend omitted any mention of housing Fuechorih or caring for any of his injuries after the second detention.

Fuechorih maintains that these inconsistencies and omissions do not warrant an adverse credibility finding because they are trivial and resulted from some miscommunication. Yet Fuechorih's attempts to explain away the evidentiary inconsistencies and omissions identified by the IJ do not compel the conclusion that he is credible. *See Wang*, 569 F.3d at 538. Fuechorih's focus on the importance of the inconsistencies is misguided given that an adverse credibility assessment may be based on "*any* inconsistency" even if it does not "go to the 'heart' of the applicant's claim, or any other relevant factor." *Id.* at 538–40 ("An appellate court is not in a position to judge [petitioner]'s demeanor, and the IJ was not required to accept [petitioner]'s testimony as true in the face of inconsistencies and verbal and nonverbal cues of deception."); 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, Fuechorih's attempts to justify the inconsistencies as the result of some confusion on his part or on the part of the IJ "do not compel a conclusion that no reasonable factfinder could have found h[im] to be incredible." *Avelar-Oliva v. Barr*, 954 F.3d 757, 768 (5th Cir. 2020) ("[Petitioner]'s unsupported explanations do not compel a conclusion that no reasonable factfinder could have found her to be incredible.").

The BIA identified five specific inconsistencies or omissions between Fuechorih's testimony and other supporting affidavits or evidence. These

discrepancies, which call into question whether Fuechorih was in fact a member of SCNC, sustained injuries during his detentions, and continues to be a target of government persecution, are sufficient grounds for the adverse credibility finding. *See Ghotra v. Whitaker*, 912 F.3d 284, 289 (5th Cir. 2019) (denying petition for review where BIA relied on "numerous inconsistencies between [petitioner]'s testimony, asylum application, and proffered affidavits"); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (inconsistency forming basis of adverse credibility finding need not "go[] to heart of the applicant's claim"). Fuechorih's explanations for the discrepancies, though reasonable, do not compel the conclusion that he is credible. *Santos-Alvarado v. Barr*, 967 F.3d 428, 437 (5th Cir. 2020) (Though petitioner offered "reasonable explanation" for inconsistency, it does not follow that the IJ's adverse credibility finding must be set aside); *Ying Pan Qhao v. Lynch*, 608 F. App'x 282, 283 (5th Cir. 2015) ("[Petitioner]'s attempts to explain away the evidentiary inconsistencies, implausibilities, and lack of detail identified by the IJ do not constitute substantial evidence compelling the conclusion that she is credible.") (unpublished).

For example, Fuechorih maintains that certain of the inconsistencies or omissions forming the basis of the adverse credibility finding resulted from confusion and miscommunication during his credible fear interview[2] and testimony before the IJ. However, Fuechorih's justifications, many of which lack support in the record, do not compel a conclusion that Fuechorih is credible. *See Avelar-Oliva*, 954 F.3d at 768; *Qhao*, 608 F. App'x at 283. Given

---

[2] Fuechorih insists that the IJ erred in relying on the asylum officer's notes from the credible fear interview because such notes "should not be accepted at face value," yet our circuit has explicitly held that "discrepancies among an alien's [credible fear interview], other records, and testimony can be considered in deciding credibility." *Avelar-Oliva*, 954 F.3d at 765 (citing *Singh*, 880 F.3d at 226).

No. 21-60437

the "highly deferential" review afforded to credibility findings, Fuechorih has failed to show that under the totality of the circumstances no reasonable factfinder could have found his testimony to be not credible. *Wang*, 569 F.3d at 538 ("We have long employed a highly deferential review to assessments of credibility by factfinders."); *see id.* ("an asylum application presents a particularly difficult area for demeanor evaluations and appellate review of same."); *Singh*, 880 F.3d at 225–26 (denying petition for review where petitioner "failed to show that no reasonable fact-finder could make an adverse credibility ruling"). Accordingly, the BIA's adverse credibility determination is supported by substantial evidence.

## IV. Conclusion

Because an adverse credibility determination prevents Fuechorih from satisfying his burden of establishing eligibility for asylum, withholding of removal, or protection under the CAT, Fuechorih's petition for review is DENIED.