# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2023

Lyle W. Cayce
Clerk

_____

No. 23-60188
Summary Calendar

_____

Nancy Cristina Hernandez-Ramos,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review from an Order of the
Board of Immigration Appeals
Agency No. A209 436 978

_____

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Nancy Cristina Hernandez-Ramos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) upholding the denial of her application for asylum; withholding of removal; and protection under the Convention Against Torture (CAT). She contends the BIA erred by: concluding that, for her asylum claim, she failed to establish

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

past persecution or a well-founded fear of future persecution; failing to meaningfully consider relevant substantial evidence; and denying withholding of removal and protection under CAT.

Our court reviews the BIA's decision, considering the decision of the immigration judge only to the extent it influenced the BIA. *E.g.*, *Singh v. Barr*, 920 F.3d 255, 258–59 (5th Cir. 2019). The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Id.* "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* Questions of law are reviewed *de novo*. *E.g.*, *Cabrera v. Sessions*, 890 F.3d 153, 158 (5th Cir. 2018).

First, Hernandez contends the BIA erred in concluding she did not endure past persecution or a well-founded fear of future persecution. To be eligible for asylum, she must show either factor resulted from her membership in a particular social group: in this instance, lesbians. *E.g.*, *id.* at 159.

Over nine months, Hernandez experienced verbal denigration, objects thrown at her home, and one instance of physical harm that resulted in bruising. Although she suffered obvious mistreatment, the evidence does not compel concluding her past harm rose to the level of persecution. *See Qorane v. Barr*, 919 F.3d 904, 908–10 (5th Cir. 2019) (upholding BIA's conclusion of no past persecution when applicant was verbally abused, slapped, shoved, and threatened with incarceration and death).

Absent her showing past persecution, Hernandez must establish the requisite well-founded fear of future persecution by showing an objectively

reasonable, and subjective fear of, persecution. *E.g.*, *Cabrera*, 890 F.3d at 159–60. Hernandez contends her fear of future persecution is objectively reasonable because a pattern or practice of persecution exists against lesbians in El Salvador. *See* 8 C.F.R. § 1208.13(b)(2)(iii) (outlining avenues to establish well-founded fear of persecution).

The BIA concluded the evidence failed to show persecution of lesbians so systemic or pervasive in El Salvador to constitute a pattern or practice of persecution. Hernandez contends the frequency of harm to lesbians is underreported in El Salvador. (The Government responds erroneously that this contention was not exhausted for purposes of 8 U.S.C. § 1252(d)(1) (exhaustion requirement). *See Abubaker Abushagif v. Garland*, 15 F.4th 323, 333 (5th Cir. 2021) ("[W]e only need to be able to reasonably tie the appellate theories to the petitioner's concrete statement[s] made to the Board . . . ." (second alteration in original) (citation omitted)).) Nevertheless, Hernandez has not shown the record compels a contrary conclusion. *See Chen*, 470 F.3d at 1137–38. Additionally, contrary to her contention, the BIA did not require her to show lesbians were persecuted in El Salvador more than transgender individuals.

Second, regarding her contention that the BIA failed to meaningfully consider relevant evidence, the BIA's decision reflects she "received full and fair consideration of all circumstances" giving rise to her claims. *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (citation omitted).

Finally, concerning withholding of removal and CAT relief, because Hernandez fails to demonstrate eligibility for asylum, she also has not satisfied her burden for withholding of removal. *See Chen*, 470 F.3d at 1138 ("[T]he requirement of clear probability of persecution requires the applicant to show a higher objective likelihood of persecution than that required for asylum."). And, CAT relief requires showing she, more likely

No. 23-60188

than not, would be tortured in El Salvador involving state action. *E.g.*, *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006). But, her challenge to the denial of CAT relief relies on the same failed contentions she raises regarding asylum.

DENIED.