# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60344
Summary Calendar

———————

Reina Isabel Lopez-Gonzalez; Belinda Yamileth Chavarria-Lopez; Nazario Everildo Chavarria-Morales,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 852 633,
A209 852 640, A216 424 632

———————————————————————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Reina Isabel Lopez-Gonzalez, Belinda Yamileth Chavarria-Lopez, and Nazario Everildo Chavarria-Morales, natives and citizens of Guatemala, petition for review of the decision of the Board of Immigration Appeals'

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

(BIA) upholding the denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Our court reviews the BIA's decision and considers the decision of the immigration judge (IJ) only to the extent it influenced the BIA. *E.g.*, *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Questions of law are reviewed *de novo*. *E.g.*, *Ghotra v. Whitaker*, 912 F.3d 284, 288 (5th Cir. 2019). Factual findings, including the IJ's adverse-credibility finding against Lopez-Gonzales, are reviewed under the substantial-evidence standard. *E.g.*, *Avelar-Oliva v. Barr*, 954 F.3d 757, 763–64 (5th Cir. 2020). Under that standard, Petitioners have "the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Petitioners' challenge to the adverse-credibility determination against Lopez-Gonzalez is unavailing. The IJ noted inconsistencies in her hearing testimony and credible-fear interview. Lopez-Gonzalez did not offer any persuasive explanations for those inconsistencies. Petitioners fail to provide evidence compelling a contrary conclusion. *See, e.g.*, *Avelar-Oliva*, 954 F.3d at 763–64, 767–69.

Petitioners also fail to show evidence compelling a conclusion contrary to the BIA's, that the cumulative past harm (physical and non-physical) to Petitioners fell short of persecution. *E.g.*, *Chen*, 470 F.3d at 1134; *Munoz-Granados*, 958 F.3d at 406–07. "Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Munoz-Granados v. Barr*, 958 F.3d 402, 406 (5th Cir. 2020) (citation omitted); *see also Tesfamichael v. Gonzales*, 469 F.3d 109, 114 (5th Cir. 2006) ("[T]he alien's harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or

other essentials of life". (citation omitted)). Despite the threats, vandalism, and acts of intimidation Petitioners allegedly experienced, they were never physically harmed or confronted face-to-face before leaving Guatemala. Petitioners were also never certain of the alleged persecutors, and no evidence showed those they suspected ever harmed anyone physically, inside or outside of Lopez-Gonzalez' family.

Petitioners also fail to provide evidence compelling a conclusion contrary to the BIA's, that Petitioners failed to show the government in Guatemala was unable or unwilling to protect them. As noted *supra*, Lopez-Gonzalez and Chavarria-Morales testified that they reported some of the incidents to the police but conceded they did not know the identity of the perpetrators. "A government is not 'unable or unwilling' to protect against private violence merely because it has difficulty solving crimes or anticipating future acts of violence." *Bertrand v. Garland*, 36 F.4th 627, 632 (5th Cir. 2022).

Petitioners' contentions concerning a well-founded fear of persecution for asylum, a clear probability of persecution for withholding of removal, and protection under the CAT were not exhausted in the BIA. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion). In the light of the Government's exhaustion objections, we do not consider these contentions. *E.g.*, *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

Lastly, the BIA's decision "must reflect meaningful consideration of the relevant substantial evidence supporting the alien's claims". *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). The BIA is not required, however, to "write an exegesis on every contention". *Ghotra*, 912 F.3d at 290 (citation omitted). The BIA's decision in this petition is adequate to show full and fair consideration of Petitioners' claims. *See id.*

DENIED.