# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2022

Lyle W. Cayce
Clerk

No. 21-60537
Summary Calendar

Ferdinand Folebe Asongafac,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 186 543

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Ferdinand Folebe Asongafac is a native and citizen of Cameroon. He petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the immigration judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60537

Convention Against Torture (CAT). We review the BIA's decision and will consider the IJ's decision only to the extent it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Asongafac attacks the various inconsistencies cited by the BIA in support of its affirmance of the IJ's adverse credibility finding. Neither the IJ nor the BIA, however, was required to accept Asongafac's explanations for the discrepancies, even if those explanations were plausible. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). The BIA cited "specific and cogent reasons derived from the record" to support the adverse credibility determination. *Singh*, 880 F.3d at 225 (quoting *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009)). Asongafac has failed to demonstrate that it is clear from the totality of the circumstances that no reasonable factfinder could make an adverse credibility ruling in his case. *Wang*, 569 F.3d at 538-40.

The record also reflects that the IJ and the BIA gave "meaningful consideration" to what Asongafac labels corroborating evidence. *Cabrera v. Sessions*, 890 F.3d 153, 162 (5th Cir. 2018). He has not shown that the record compels this court to overturn the BIA's determination to the extent it determined that he failed to present reasonably available corroborating evidence. *See Rui Yang v. Holder*, 664 F.3d 580, 587 (5th Cir. 2011).

Asongafac also asserts that the agency failed to consider evidence of country conditions in Cameroon. The country reports do not "resolve the inconsistencies that the BIA found so troubling," and Asongafac "has offered no explanation for how these materials corroborate, much less independently support, his claims." *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019).

The IJ's, as affirmed by the BIA, adverse credibility determination, which is supported by substantial evidence, is fatal to Asongafac's claims for

No. 21-60537

asylum and withholding of removal because, without credible testimony, Asongafac cannot establish the requisite subjective fear of future persecution. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021). Asongafac has abandoned his claim for protection under the CAT because he has not raised a challenge to the denial of that claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.