# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60102
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2024

Lyle W. Cayce
Clerk

Ruth Santamaria-Bonilla; Damaris Acosta-Santamaria;
Hector Acosta-Santamaria,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A206 803 646,
A206 803 647, A206 803 648

————————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ruth Santamaria-Bonilla and her minor children, Damaris Acosta-Santamaria and Hector Acosta-Santamaria, natives and citizens of Honduras, petition for review of the decision by the Board of Immigration Appeals (BIA) dismissing their appeal from the Immigration Judge's (IJ)

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60102

denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Santamaria-Bonilla contends that (1) the BIA's decision does not reflect a reasoned consideration of the record evidence or applicable precedent, (2) she demonstrated that she was subjected to past persecution, (3) she has a well-founded fear of future persecution, and (4) the BIA erred in determining that she waived any challenge to the denial of protection under the CAT.

We review the BIA's decision, and we consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). We review factual findings for substantial evidence and legal determinations de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). Under the substantial evidence standard, we may not overturn a factual finding unless the evidence compels a contrary result. 8 U.S.C. § 1252(b)(4)(B); *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

While the Government argues that Santamaria-Bonilla effectively waived review of the determination that she was not entitled to asylum and withholding of removal because she does not challenge the substantive reasons for affirming the IJ's decision, Santamaria-Bonilla does argue in her appellate brief that she was subjected to past persecution and that she has a well-founded fear of future persecution. Moreover, because her arguments regarding the BIA's standard of review and its failure to consider that all of the evidence arose as a result of the BIA opinion, she does not need to exhaust those arguments. *Carreon v. Garland*, 71 F.4th 247, 252-53 (5th Cir. 2023).

Persecution is not mere harassment or discrimination. Instead, it "is a specific term that does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020) (internal quotation marks and citation omitted).

Santamaria-Bonilla argues that she suffered persecution when drug dealers inquired as to her family members' whereabouts while displaying weapons and when those drug dealers shot at the front door of the home she shared with her grandmother. However, "threats that are exaggerated, non-specific, or lacking in immediacy" are insufficient to show past persecution. *Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020) (internal quotation marks and citation omitted). Moreover, the BIA did not engage in a de novo review of the facts when it determined that the harm suffered by family members did not constitute past persecution because Santamaria-Bonilla argued in her appellate brief that she was subjected to past persecution "even though she and her children have not been physically harmed, all of her family members that were connected to the ones with relations with the drug dealers have been killed by them." Accordingly, the evidence does not compel a finding of past persecution. *See Martinez-Lopez*, 943 F.3d at 771.

To demonstrate a well-founded fear of future persecution, an applicant must demonstrate "a subjective fear of persecution, and that fear must be objectively reasonable." *Gjetani*, 968 F.3d at 399 (citation omitted). Despite Santamaria-Bonilla's assertions to the contrary, her fear of future persecution is not objectively reasonable as her grandmother continues to live in Honduras and has not been physically harmed. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 270 (5th Cir. 2021). Additionally, her fear of future persecution is undermined because despite being threatened starting at the end of 2006 and the beginning of 2007, she did not flee Honduras until 2014. *See Gjetani*, 968 F.3d at 399.

Finally, while Santa Maria-Bonilla asserts that the BIA failed to address all of her testimony and record evidence. However, the BIA need not address evidentiary minutiae or write a lengthy explanation on every contention so long as the record reflects that the Board considered the raised

issues and announced its decisions in such a way that a reviewing court could perceive that meaningful consideration was given to the arguments. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019). Accordingly, the evidence does not compel a finding that Santamaria-Bonilla has a well-founded fear of future persecution. *See Martinez-Lopez*, 943 F.3d at 771.

Based on the foregoing, Santamaria-Bonilla cannot show that she was entitled to asylum. *See Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013). Because Santamaria-Bonilla "failed to establish the less stringent well-founded fear standard of proof required for asylum relief," she cannot meet the more stringent burden for obtaining withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (internal quotation marks and citation omitted).

Santamaria-Bonilla argues that the BIA erred in determining that she waived any challenge to the denial of protection under the CAT. However, the record reflects that Santamaria-Bonilla did not argue how or why the IJ erred in determining that she was not entitled to protection under the CAT. The BIA did not abuse its discretion in determining that she waived any challenge to the IJ's determination that she was not entitled to protection under the CAT. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, the petition for review is DENIED.