# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-60375
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2024

Lyle W. Cayce
Clerk

Zohra Saleem Molani,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 659 299

———————————————————

Before Jolly, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Zohra Saleem Molani, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her request for remand and dismissing her appeal from an order of an Immigration Judge (IJ) denying her application for cancellation of removal and ordering her removed. Although we may not review the factual findings

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

underlying the BIA's disposition of a cancellation claim, its determination that a given set of facts does or does not amount to exceptional and extremely unusual hardship, i.e., the application of the exceptional and extremely unusual hardship standard, is a mixed question of fact and law that is a reviewable legal question under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 216-17 (2024). Our de novo review of the BIA's decision shows no error in its conclusion that this case was materially distinguishable from *Matter of Recinas*, 23 I. & N. Dec. 467, 470 (BIA 2002), and that Molani thus had not made the requisite hardship showing. *See id.*; *Cordero-Chavez v. Garland*, 50 F.4th 492, 495 (5th Cir. 2022).

Next, Molani argues that the IJ infringed her due process rights because certain statements he made concerning her cancellation claim exhibited bias. Because, as the Respondent notes, she failed to exhaust this claim by presenting it to the BIA, we will enforce the exhaustion rule and decline to consider this argument. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023); *Carreon v. Garland*, 71 F.4th 247, 257 & n.11 (5th Cir. 2023).

Molani also argues that the BIA erred by rejecting her claim of ineffective assistance of counsel and denying her request to remand to the IJ. The record supports the BIA's conclusion that she had not shown compliance with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998), and thus shows no abuse of discretion with respect to this remand request. *See Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014). Finally, the BIA's denial of Molani's request for remand based on a pending U visa petition was an appropriate response to Molani's conclusional, two-sentence request and, concomitantly, not an abuse of discretion. *See Milat*, 755 F.3d at 365. Similarly, because the BIA's decision reflects adequate consideration of Molani's conclusional assertions concerning remand due to her pending U visa, the Respondent's request to remand to the BIA for clarification of this part of its decision is unavailing. *See Ghotra v. Whitaker*,

No. 23-60375

912 F.3d 284, 290 (5th Cir. 2019).   The petition for review and the Respondent's request for remand are DENIED.