# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60149
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 20, 2024

Lyle W. Cayce
Clerk

Flor De Maria Montenegro-Rivera; Ada Lisbeth
Medrano-Montenegro,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General,*

*Respondent.*

——————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 165 043,
A208 165 044

——————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Flor De Maria Montenegro-Rivera, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) upholding the immigration judge's (IJ) denial of: asylum, withholding of removal, and protection under the Convention Against Torture (CAT). (The other

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

petitioner is Montenegro's daughter, a derivative applicant on Montenegro's asylum application.)

Our court reviews the BIA's decision, considering the IJ's decision only to the extent it influenced the BIA. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Review of legal conclusions is *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum and withholding of removal, are reviewed under the substantial-evidence standard. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted). Petitioner has the burden of showing "the evidence was so compelling that no reasonable factfinder could conclude against it". *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021) (citation omitted).

Montenegro based her asylum and withholding-of-removal claims on the protected grounds of: political opinion, and membership in a protected social group (PSG). *E.g.*, *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021) (outlining asylum and withholding-of-removal standards). The BIA did not reversibly err in determining that three of her proposed PSGs— "immediate relatives of Ever Medrano Cermeno's family", "immediate relatives of Sayda Ascencio Rivera's family", and "immediate family members of Santos Ivan Cordero" —were not socially distinct in Guatemalan society. Neither did the BIA reversibly err in determining Montenegro was not a member of her fourth claimed PSG, "immediate family members of Christina Rivera (who ran for political office)", because Rivera is not Montenegro's "immediate family member", Rivera is her aunt.

Because Montenegro fails to establish she belongs to a cognizable PSG, our court need not consider her remaining PSG-grounded contentions.

*E.g.*, *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693–94 (5th Cir. 2023) (citations omitted) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Turning to her claims based in her political opinion, Montenegro has the burden of establishing she suffered past persecution, or had a "well-founded fear of future persecution", on account of her political opinion. *Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019). Although the "protected ground need not be the only reason for harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for harm". *Cabrera v. Sessions*, 890 F.3d 153, 159 (5th Cir. 2018) (citation omitted).

Insofar as Montenegro challenges the BIA's finding that she failed to demonstrate harm rising to the level of past persecution, she has not shown the evidence compels a contrary finding. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (outlining standard of review). Montenegro primarily relies on harm suffered by others, which may not be imputed to her. *See, e.g.*, *Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017) (past persecution of another cannot impute harm to petitioner). Further, the death threats made against her relatives and their families are insufficient to demonstrate past persecution. *E.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004) (harassment, mere threats, and minor violence did not suffice to show past persecution); *see also Gjetani v. Barr*, 968 F.3d 393, 395–99 (5th Cir. 2020) (death threats and one beating did not establish past persecution).

To the extent Montenegro challenges the BIA's finding she failed to demonstrate a well-founded fear of future persecution, she likewise has not shown the evidence compels a contrary finding. The BIA rejected Montenegro's claim after concluding, *inter alia*, that she showed no connection between the harm feared and her association with her aunt's political party. Because Montenegro does not challenge in this court the

No. 24-60149

BIA's nexus determination, any contention as to nexus is abandoned, *see Lopez-Perez v. Garland*, 35 F.4th 953, 957 n.1 (5th Cir. 2022), and our court need not consider her remaining contentions. *See Munoz-De Zelaya*, 80 F.4th at 693–94.

Montenegro's contention that the BIA erred by failing to consider all of her evidence is rebutted by the record. The BIA "considered the issues raised, and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted". *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019) (citation omitted).

Her challenge to the denial of her CAT claim is likewise unavailing because she fails to show that she more likely than not will be tortured by, or with the acquiescence of, a government official if repatriated. *E.g.*, *Morales*, 860 F.3d at 818; *Zhang*, 432 F.3d at 344.

DENIED.