# United States Court of Appeals for the Fifth Circuit

————————

No. 24-60380
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 27, 2025

Lyle W. Cayce
Clerk

VLADISLAV KRASNOV,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A249 265 983

————————————————

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Vladislav Krasnov, a native and citizen of Russia, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ's) denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA affirmed the IJ's finding that Krasnov was not credible.

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60380

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id*. at 517. We will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

The BIA's factual determination that an alien is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Credibility determinations are also reviewed under the substantial evidence standard. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020).

Krasnov challenges the BIA's adverse credibility decision. First, the BIA's decision reflects adequate reasoning and meaningful consideration of the relevant substantial evidial evidence to meet the procedural standard. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019); *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996).

Next, the argument that Krasnov asserts regarding the agency's adverse credibility finding pertaining to his testimony about his 2018 arrest is distinct from the one raised before the BIA and is thus unexhausted. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023). Because the Government raises exhaustion, we will enforce this claim-processing rule and decline to consider the claim. *See Carreon v. Garland*, 71 F.4th 247, 257 (5th Cir. 2023).

Krasnov also challenges the IJ's adverse credibility findings regarding his disclosure of his travel to Tajikistan. However, this argument is not properly before this court because the BIA did not reach the merits of the IJ's findings on this matter. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Martinez-De Umana v. Garland*, 82 F.4th 303, 309 n.3 (5th Cir. 2023).

2

No. 24-60380

Krasnov's challenge to the agency's adverse credibility findings pertaining to his testimony about his family's business is unavailing. A reasonable factfinder could determine, as the IJ and the BIA did, that there were inconsistencies regarding whether his family shut down their business when they moved to Uzbekistan. *See Chen*, 470 F.3d at 1134. The BIA's adverse credibility finding is grounded in "specific and cogent reasons derived from the record." *Avelar-Oliva*, 954 F.3d at 764 (citation omitted). The adverse credibility finding suffices to deny Krasnov's claims for asylum and withholding of removal. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) ("[F]ailure to establish eligibility for asylum is dispositive of claims for withholding of removal.").

Next, Krasnov argues that the agency erred in determining that he was not eligible for CAT protection because the facts in his case supported a finding that he would more likely than not be tortured by Russian authorities. To obtain CAT relief, "[a]n alien must show (1) it more likely than not that [he] will be tortured upon return to his homeland; and (2) sufficient state action involved in that torture." *Tabora Gutierrez v. Garland*, 12 F.4th 496, 503 (5th Cir. 2021) (internal quotation marks and citation omitted).

Apart from Krasnov's noncredible testimony, he does not point to record evidence demonstrating that Russian authorities would more likely than not torture him upon his return to Russia. *See Chen*, 470 F.3d at 1134; *cf. Martinez-Lopez v. Barr*, 943 F.3d 766, 772 (5th Cir. 2019) (upholding denial of CAT protection where the applicant did not "point[] to evidence establishing that Honduran authorities would acquiesce to the torture of her and her son").

The petition for review is DENIED.

3