# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2025

Lyle W. Cayce
Clerk

———————

No. 24-60616
Summary Calendar

———————

Johana M. Mendoza Cardona; Ivana J. Mendoza
Cardona,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 794 866,
A209 794 867

———————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Johana M. Mendoza Cardona (Mendoza Cardona) and her daughter Ivana J. Mendoza Cardona (Ivana) are natives and citizens of Honduras. They petition for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum and withholding of removal. Mendoza

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60616

Cardona's claims were based on the protected ground of membership in a particular social group (PSG), namely "Honduran businesswomen." Ivana was a derivative beneficiary on Mendoza Cardona's asylum application.

Because the BIA affirmed without opinion in this case, the underlying decision of the immigration judge (IJ) is the proper focus of our review here. *See Mwembie v. Gonzales*, 443 F.3d 405, 409 (5th Cir. 2006). Legal questions are reviewed de novo. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023). The agency's factual findings are reviewed under the substantial evidence standard. *Id.*

The agency did not err in determining that the proposed PSG of "Honduran businesswomen" is not cognizable due to the lack of an immutable characteristic. *See Munoz-De Zelaya*, 80 F.4th at 693. Because a cognizable PSG was an essential element of Mendoza Cardona's claims for asylum and withholding of removal, the Petitioners cannot succeed here as to either claim. *See id.* Additionally, the Petitioners have not adequately briefed any argument contesting the agency's finding that Mendoza Cardona failed to meet her burden of showing that the Honduran government was unable or unwilling to protect her. The Petitioners have thus waived a challenge to that issue, which also is dispositive of the claims of asylum and withholding of removal. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (recognizing that petitioners waive arguments that they do not adequately brief).

The Petitioners also assert that the agency violated their due process rights by failing to provide a thorough review of their claims and failing to apply the law fairly. The IJ's decision, as adopted by the BIA without opinion, reflects adequate reasoning and consideration of the relevant issues to meet the procedural standard for full and fair consideration of the claims. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019).

No. 24-60616

Accordingly, the petition for review is DENIED. The Petitioners' request to place this case in abeyance, which is opposed by the Respondent, also is DENIED.