# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-60002
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2025

Lyle W. Cayce
Clerk

Johnkennedy Ekene Ibe,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A241 134 823

---

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:*

Johnkennedy Ekene Ibe, a native and citizen of Nigeria and proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) upholding the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He asserts the BIA erred by: affirming the Immigration Judge's (IJ) adverse

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

credibility finding; affirming the IJ's dismissal of his CAT claim; and dismissing his due-process claim. (He makes additional assertions on other issues; but the BIA ruled he waived them on appeal. Accordingly, our court is barred from addressing them. *E.g.*, *Aviles-Tavera v. Garland*, 22 F.4th 478, 485–86 (5th Cir. 2022).)

Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence; its legal conclusions, *de novo*. *Id.* Findings of fact, including an applicant's eligibility for asylum, withholding of removal and relief under CAT, are reviewed under the substantial-evidence standard. *E.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, our court will not disturb the BIA's decision unless the evidence "*compels*" a contrary conclusion. *E.g.*, *Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018) (emphasis in original) (citation omitted).

Adverse credibility findings "are factual findings that are reviewed for substantial evidence". *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). The IJ must consider the totality of the circumstances and all relevant factors when making a credibility determination. 8 U.S.C. § 1229a(c)(4)(C); 8 U.S.C. § 1158(b)(1)(B)(iii) (asylum); 8 U.S.C. § 1231(b)(3)(C) (withholding of removal). "The IJ and BIA may rely on *any* inconsistency or omission in making an adverse credibility determination" if lack of credibility is "supported by specific and cogent reasons derived from the record". *Avelar-Oliva*, 954 F.3d at 764 (internal quotation marks and citations omitted) (emphasis in original).

The IJ's adverse credibility finding, which the BIA adopted, is supported by substantial evidence. As the IJ found, Ibe's statements in his credible-fear interview (CFI) were inconsistent with his hearing testimony

that he was not a member of the Indigenous People of Biafra (IPOB) and did not try to convince others to join the IPOB. The BIA was not required to accept Ibe's explanation that the CFI discrepancies resulted from miscommunication or misunderstandings, given other permissible views of the evidence. *See Arulnanthy v. Garland*, 17 F.4th 586, 594 (5th Cir. 2021); *Avelar-Oliva*, 954 F.3d at 768.

Additionally, the IJ found: Ibe's demeanor and responses during his hearing testimony were evasive; and his payment for a fraudulent passport stamp in Mexico undermined his credibility. The IJ's adverse credibility determination was supported by specific and cogent reasons based on the record, and he fails to show no reasonable factfinder could have made the finding considering the totality of the circumstances. *See Arulnanthy*, 17 F.4th at 593–95. This finding prevents Ibe from satisfying his burden for asylum and withholding of removal. *Id.* at 597; *Avelar-Oliva*, 954 F.3d at 772.

A claim under the CAT is distinct from claims of asylum and withholding of removal and should be analyzed separately. *Arulnanthy*, 17 F.4th at 598. To obtain protection under the CAT, Ibe was required to show: he would more likely than not suffer torture in Nigeria; and sufficient state action would be involved in that torture. *E.g.*, *Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019).

Substantial evidence supports the BIA's conclusion that Ibe failed to show the requisite likelihood of torture. His fear of torture was too speculative because its success required stringing together a series of suppositions. Absent credible testimony, the documentary evidence does not independently compel the conclusion he would more likely than not be subjected to torture in Nigeria. *See Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017); *Chen v. Gonzales*, 470 F.3d 1131, 1140–41 (5th Cir. 2006); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) (recognizing generalized country

evidence says little about likelihood state actors will torture any person, including applicant).

Further, Ibe's contention the IJ failed to consider certain evidence is unavailing. As the BIA determined, the IJ's decision reflects that she considered all the relevant record evidence, including the country-conditions evidence. The IJ's decision in this proceeding reflects adequate reasoning and consideration of the relevant issues to meet the procedural standard for full and fair consideration of Ibe's claims. *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019).

Lastly, Ibe asserts his right to due process was violated. "To prevail on a due process claim, an alien must make an initial showing of substantial prejudice by making a prima facie showing that the alleged violation affected the outcome of the proceeding." *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (internal quotation marks and citation omitted). Ibe has failed to adequately brief how the claimed violations affected the outcome of his proceedings. Accordingly, he has not made the initial showing of substantial prejudice required for his due-process claims. *Id.*; *see Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (recognizing even *pro se* litigants must brief assertions to maintain them).

DENIED.